451 So.2d 947 (1984)
ROTH BROTHERS OF FLORIDA and Risk Management Services, Inc., Appellants,
v.
Andrew SPODRIS, Appellee.
No. AT-398.
District Court of Appeal of Florida, First District.
June 8, 1984.
Patrick J. Malone of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., West Palm Beach, for appellants.
Dennis M. Usdan, Plantation, for appellee.
MILLS, Judge.
The employer/servicing agent appeal from an order in which the deputy commissioner ordered them to pay for surgery on Spodris' hip. We affirm.
Spodris was employed by Roth Brothers as a roofer when he suffered a compensable injury to his back. The evidence showed that he subsequently developed aseptic necrosis of the head of the femur of the right hip. That condition was not related to his compensable back injury. Dr. Levine, who diagnosed Spodris' hip condition, recommended surgery to replace the hip. Dr. Matthews also examined Spodris and concurred in that recommendation.
Spodris filed a claim, requesting that the employer/servicing agent be required to pay for the recommended surgery. The employer/servicing agent controverted the claim, contending that they were not obligated to provide the surgery because the hip condition was not a result of Spodris' compensable injury.
Dr. Matthews indicated that the hip surgery would take the stress off of Spodris' back, that without the hip surgery "the back problem would deteriorate," and that "it would be extremely difficult to achieve any improvement in the back condition ... as long as the hip disease was present and not treated."
Based on that testimony, the deputy commissioner found that the hip surgery would produce more than merely an incidental benefit to Spodris' compensable back injury and accordingly ordered the employer/servicing agent to pay for the surgery.
In Glades County Sugar Growers v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980), we held that the employer/carrier should not be responsible for medical treatment "required independently by the subsequent noncompensable injury when the removal of a hindrance to recovery from the compensable injury is merely an incidental effect of such treatment." (Emphasis added) 388 So.2d at 336. Stated conversely, treatment for a condition not shown to be causally related to the compensable injury should be the responsibility of the employer "[i]f ... one of the primary purposes of the treatment is also removal of a hindrance to recover from the compensable accident... ." Decks, Inc. of Florida v. Wright, 389 So.2d 1074, 1076 (Fla. 1st DCA 1980).
Contrary to the assertions of the employer/servicing agent, we find that the deputy commissioner correctly applied the holding of Glades County when he found that "a significant, secondary purpose" of the hip surgery would be to improve Spodris' back *948 condition and that the removal of the hindrance to recovery from the back condition would be "more than merely an incidental effect" of the surgery.
We have considered the other issues raised by the employer/servicing agent and by Spodris and have found them to be without merit.
AFFIRMED.
SHIVERS and WIGGINTON, JJ., concur.
By a separate order Judges Shivers and Wigginton have conditionally granted Spodris' motion for an attorney's fee here. I denied this motion. An explanation is in order.
I quote Spodris' motion for an attorney's fee in its entirety:
The Appellee/Cross Appellant, ANDREW SPODRIS, by and through his undersigned attorney, hereby petitions the FIRST DISTRICT COURT OF APPEAL for an attorney's fee to be awarded to Appellee/Cross-Appellant/Claimant's counsel.
The motion must be denied because it fails to comply with Fla.R.App.P. 9.400(b) which states that a motion for attorney's fees shall state the grounds upon which recovery is sought.
In Lehigh Corp. and U.S. Fidelity and Guaranty Co. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981), this Court held that Rule 9.400(b) was applicable to workers' compensation appeals and that an attorney presenting a motion for attorney's fee must state the grounds including reference to statutory grounds.