498 So.2d 518 (1986)
Cheryl BAHR, Appellant,
v.
HOWARD JOHNSON # 24609 and American Mutual Insurance Company, Appellees.
No. BL-72.
District Court of Appeal of Florida, First District.
November 14, 1986.
Rehearing Denied December 30, 1986.
Michael P. Falkowski, Daytona Beach, for appellant.
James M. Hess and Frederick J. Daniels, of Langston and Hess, Orlando, for appellees.
MILLS, Judge.
Bahr appeals from a workers' compensation order denying the compensability of her claim. She contends the deputy commissioner's order is not supported by competent substantial evidence. We disagree and affirm.
Bahr claims she injured her back when she removed a large metal drawer from a refrigerator while working as a waitress for the employer herein, Howard Johnsons. However, she did not report the injury to her superiors at that time and continued to work for several days thereafter. Further, when Bahr was admitted to a hospital complaining of pain down her right flank, according to the physicians who treated her, she did not relate the refrigerator cleaning incident to them.
Moreover, the testimony of Bahr's witnesses contained in the record do not fully support her claim of an on-the-job injury. A fellow waitress stated that Bahr merely *519 related that she was hot, sweaty and that her back hurt, without giving a specific reason for her discomfort. As for the testimony of the patient who shared a hospital room with Bahr, she recounted that Bahr told one of her physicians that at the time she lifted the refrigerator drawer she did not experience any problem, but to the best of her knowledge that was the only activity she had done that could have caused an injury.
This testimony does not provide the necessary competent evidence to support Bahr's claim of an industrial accident. Additionally, Bahr's argument that the "logical cause doctrine" controls this case is erroneous. The "logical cause doctrine," as set out in Jim Rathman Chevrolet Cadillac, Inc. v. Barnard, 200 So.2d 161 (Fla. 1967), holds that when a serious injury is shown and a logical cause for it is proven, the party who seeks to defeat recovery thereon has the burden of overcoming the established proof and showing that another cause of injury is more logical. As stated above, Bahr has not satisfied the first step of this doctrine, namely: she has not proven the cause of her back problems.
In Barnett v. Lakeland Construction Co., 417 So.2d 834 (Fla. 1st DCA 1982), a case with facts similar to those in this instance, the court held that the deputy commissioner did not err in refusing to apply the "logical cause doctrine" when the deputy commissioner had the direct opportunity to observe the behavior and demeanor of the claimant and his witnesses, even though the employer presented no evidence to refute the claimant's assertions. Likewise, in the present case, in order for this court to reverse the findings of fact of the deputy commissioner, we would have to reverse her findings on the issue of credibility. This we refuse to do as it is clearly improper. John Caves Land Development Co. v. Suggs, 352 So.2d 44 (Fla. 1977).
Accordingly, we affirm the order on appeal.
BOOTH, C.J., concurs.
WENTWORTH, J., agrees to conclusion.