506 So.2d 1145 (1987)
Robert MANLEY, Appellant,
v.
BENNETT'S TRUCK EQUIPMENT and Claims Mgmt. Systems, Appellees.
No. BM-330.
District Court of Appeal of Florida, First District.
May 8, 1987.
Rehearing Denied June 19, 1987.
*1146 Howard G. Butler of Meyers & Mooney, Orlando, for appellant.
Robert C. Barrett of Cooper, Rissman & Weisberg, Orlando, for appellees.
ERVIN, Judge.
Appellant appeals an order of the deputy commissioner (dc) finding that appellant's injuries were not caused by an industrial accident. We reverse and remand.
Claimant, while employed as a welder for Bennett's Truck Equipment, was injured on Friday, December 2, 1983, suffering corneal burns. He was then taken to the Centra Care Medical Center where his eyes were patched, and returned to the clinic on the following day and had his patches removed. On Monday, December 5, he returned to work. After working for approximately four hours, he complained of eye pain, and upon being reexamined at the clinic he learned that he had suffered retinal burns. He now has only limited vision and is no longer capable of working as a welder.
An optometrist testified that the injuries to his eyes were the result of an industrial accident. Two ophthalmologists disagreed, testifying that the injury could not have been the result of a welding accident. A psychiatrist opined that claimant had a depressive reaction to the difficulty with his eyes, and answered "yes" to a question regarding the possibility that claimant could have injured himself due to his personal problems. The dc's order concluded that "the claimant has not met his burden of establishing a logical cause for his [injury], nor has he established through any persuasive medical testimony that his [injuries] are in any way causally related to his work activities."
Appellee contends that the issue before this court is simply whether there is competent, substantial evidence (CSE) to affirm the dc's order denying compensability of claimant's injury. We disagree, finding that the case is controlled by the logical cause doctrine. As this court observed in Ralosky v. Dynamic Builders, Inc., 500 So.2d 193 (Fla. 1st DCA 1986), cases involving the logical cause doctrine are not simply questions of CSE:
The issue before us, however, does not depend simply upon whether the findings on review are supported by competent, substantial evidence. We are asked to decide whether the deputy's finding that there was no causal relationship between the claimant's industrial accident and the injuries to his feet is legally supported by the evidence. In a case such as that at bar, "[w]here an injury is shown, and the evidence presents a sufficiently logical explanation of a causal relationship between the accident and the subsequent injury, the burden shifts to the employer/carrier to show a more logical cause." Poorman v. Muncy & Bartle Painting, 433 So.2d 1371, 1372 (Fla. 1st DCA 1983). Accord, McNew v. Southern Intermodal Logistics, 380 So.2d 1145, 1147 (Fla. 1st DCA 1980). Here claimant produced a sufficiently logical explanation through the testimony of Dr. Guidice that the injury to his feet was caused by the automobile accident. The employer/carrier failed to present any evidence establishing a more logical cause for the injury... .
Id. at 195.
In the instant case, the claimant presented a logical cause of the injury through the testimony of Dr. Mauger, the optometrist, who opined that the injury probably was the result of claimant's welding. The e/c has offered no alternative explanation regarding how the injury occurred except through speculation by claimant's psychiatrist that claimant could possibly have intentionally inflicted an injury upon himself due to depression caused by his divorce. The psychiatrist's opinion testimony is not competent evidence showing a more logical cause of claimant's injury than the industrial accident. Since claimant has met the burden of establishing a logical cause and the e/c has failed to present a more logical cause, the claimant *1147 must prevail on the issue of compensability.
Generally, a dc can reject a claimant's evidence regarding causation and choose not to apply the logical cause doctrine where the dc finds the claimant lacks credibility. See Bahr v. Howard Johnson #24609, 498 So.2d 518 (Fla. 1st DCA 1986); Barnett v. Lakeland Construction Co., 417 So.2d 834 (Fla. 1st DCA 1982). In the instant case the dc concluded that the claimant was not credible. We cannot agree on the record before us. We find that in the absence of any substantial proof that claimant deliberately injured himself, the dc may not reject the claimant's statement that he did not inflict the injury. See Section 440.26, which states in pertinent part that "it shall be presumed, in the absence of substantial evidence to the contrary... that the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another." (e.s.)
We also reverse that portion of the order denying appellant attorney's fees. Section 440.34(3)(c), Florida Statutes, provides for attorney's fees in a proceeding in which a carrier or employer denies that an injury occurred for which compensation benefits were payable and the claimant prevails on the issue of compensability. As the claimant has prevailed on the issue of compensability, he is entitled to attorney's fees.
Reversed and remanded for further consistent proceedings.
SHIVERS and ZEHMER, JJ., concur.