527 So.2d 855 (1988)
Patricia D'AMICO, Appellant,
v.
WESTINGHOUSE ELECTRIC CORP. and Gates, McDonald, Appellees.
No. 87-1346.
District Court of Appeal of Florida, First District.
June 8, 1988.
*856 Roger W. Plata, of Law Offices of Roger W. Plata & Associates, P.A., St. Petersburg, for appellant.
Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellees.
WIGGINTON, Judge.
In this workers' compensation appeal, the claimant challenges the deputy commissioner's denial of her claim for treatment of her temporomandibular joint dysfunction (TMJ) by Dr. Ware. Four points are raised on appeal. Under the first point, claimant argues that the deputy erred by failing to apply the doctrine of more logical cause. In point II, claimant alternatively contends that the deputy erred in failing to find that her TMJ disorder created a hinderance to treatment of her compensable injury. Under points III and IV, claimant maintains the deputy abused his discretion by rejecting unrefuted and uncontradicted medical testimony and that his order was not supported by competent and substantial evidence. We reverse.
Claimant injured her lower back on August 21, 1985, for which she received treatment by authorized physician Dr. Wallace. On December 29, 1986, Dr. Wallace reported strong findings of depression and referred claimant to psychiatrist, Dr. O'Bryan.
Dr. O'Bryan began evaluation and treatment on January 9, 1987. His subsequent report confirmed severe symptoms of depression, and he began biofeedback sessions on January 20. At that time, he noticed a disorder in claimant's temporomandibular joint and suggested the need for her to return to her dentist for treatment. In his report of January 28, Dr. O'Bryan wrote that he requested authorization for the TMJ difficulty but was refused by the carrier. He stated that withholding such authorization would make it necessary for him to suspend biofeedback treatment. Dr. O'Bryan reduced the frequency of claimant's biofeedback sessions on February 27, and on March 6, reported that without the necessary TMJ splint suggested by Dr. Ware, claimant would be unable to achieve maximum progress in biofeedback.
Meanwhile, on February 9, claimant was examined by Dr. Ware whose practice is limited to TMJ disorders. Dr. Ware diagnosed claimant as having an articular cartilage disorder caused by trauma and formulated a treatment plan which included construction and use of a TMJ appliance with frequent adjustments.
Due to the obstacle in psychiatric progress caused by failure of authorization for treatment of claimant's TMJ disorder, a claim was filed requesting, inter alia, treatment by Dr. Ware.
In their depositions, both Dr. O'Bryan and Dr. Ware testified that claimant's TMJ *857 disorder was causally related to the industrial accident. Dr. O'Bryan testified that "such a stressful event, an injury could, in fact, elevate general tension and precipitate a TMJ disorder... ." He stated that claimant's case presented such within reasonable psychiatric probability.
Additionally, Dr. Ware testified, "[I]t is my opinion that [claimant's] T.M.J. disorder is causally related to the injury of August 21, 1985, within a reasonable degree of medical probability." Dr. Ware stated that TMJ can be aggravated or caused by a person trying to compensate for another injury. He also opined that claimant's original muscle activity that resulted in the back injury had thrown out her temporomandibular joint causing a slipped disc in her jaw with the resulting disorder.
Although claimant had not complained of headaches until seventeen months following the compensable accident, both Dr. O'Bryan and Dr. Ware opined that a person may suffer from headaches associated with TMJ but not complain of or realize their existence due to the pain and tension originating from other parts of the body. Specifically, Dr. Ware testified that some people may proceed for a year or longer without developing problems or symptoms of TMJ disorder.
Despite the foregoing evidence, the deputy entered an order denying and dismissing the claim with prejudice emphasizing the fact that claimant had not complained of any headache problems until after she had seen Dr. Ware and Dr. O'Bryan. He rejected the opinions of Doctors Ware and O'Bryan because of that lapse of time and due to his conclusion that the nature of the doctors' opinions on causal relationship was speculative. The deputy also rejected the alternative position of claimant that the treatment for the disorder was necessary in order to properly treat the injury from the industrial accident. In doing so, the deputy distinguished the case of Rolf Brothers of Florida v. Spodris, 451 So.2d 947 (Fla. 1st DCA 1984). We must disagree on all points.
The medical evidence presented by claimant overwhelmingly establishes a logical cause relationship between the industrial accident and her TMJ disorder. See Manley v. Bennett's Truck Equipment, 506 So.2d 1145 (Fla. 1st DCA 1987); Ralosky v. Dynamic Builders, Inc., 500 So.2d 193 (Fla. 1st DCA 1986); McNew v. Southern Intermodal Logistics, 380 So.2d 1145 (Fla. 1st DCA 1980). As did the employer/carrier in Manley, the employer/carrier in the instant case cite to Bahr v. Howard Johnson, 498 So.2d 518 (Fla. 1st DCA 1986), for the proposition that the deputy was entitled to reject claimant's evidence regarding causation and choose not to apply the logical cause doctrine where he found claimant lacked credibility. Specifically, the employer/carrier note that claimant initially complained of back injury and did not complain of headaches until she had seen her new doctors. They also allege that a critical area in claimant's testimony was where she asserted that she had been incoherent on her first visit to Dr. O'Bryan, but note that his records reflect instead that she was "alert, oriented and cooperative," and answered questions "logically, coherently and to the point." In the report, Dr. O'Bryan also indicated that "it appears to be of some significance that the patient does not have any headache problem." On that basis, the employer/carrier assert that the deputy was entitled to reject any suggestion by claimant that she had not been coherent enough to mention headaches.
However, as claimant points out, the deputy in his order did not indicate that he rejected claimant's testimony on the basis of lack of credibility, and we also note that not only was Dr. O'Bryan unwavering in his opinion that claimant's TMJ disorder was causally related to her industrial accident, but that he also made two very pertinent observations on this point: (1) that a person such as claimant, who was suffering definite psychometer retardation  a condition caused by depression  would experience sufficiently impaired concentration that would not enable the claimant to "be complete in a history"; and (2) that claimant was "obviously and severely depressed during her first visit." Accordingly, *858 the employer/carrier's argument along this vein is without merit.
We also disagree with the employer/carrier's attempt to distinguish the cases relied on by claimant. Indeed, as in McNew, the employer/carrier in the instant case did not present a more logical cause for claimant's TMJ disorder. Moreover, as was true in Manley, the employer/carrier presented nothing more than speculation as to another cause for claimant's condition. Finally, although the employer/carrier emphasized certain language in Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981), regarding the lapse of time between the accident and the manifested results, we point to the fact that neither Dr. O'Bryan nor Dr. Ware was ever concerned with the lapse of time between the industrial accident and claimant's onset of headaches and the discovery of the TMJ disorder. Indeed, as we noted earlier, it was Dr. Ware's opinion within a reasonable degree of medical probability that the actual muscle activity expended by claimant in lifting the transformer (which caused the back injury) had thrown out her temporomandibular joint resulting in its later dysfunction. Although the employer/carrier suggest it was actually misfitting dentures that caused claimant's problems, Dr. Ware specifically stated that the adjustment to her dentures was only a means to rectify the TMJ disorder caused by the industrial accident.
Turning to claimant's alternative argument, we agree that Dr. O'Bryan's testimony was uncontradicted and the treatment of claimant's TMJ disorder was essential to the successful progress of biofeedback, which latter treatment was essential to alleviating the depression caused by the industrial accident. Accordingly, the decision in Rolf Brothers of Florida v. Spodris, 451 So.2d 947 (Fla. 1st DCA 1984), is on point, contrary to the deputy's conclusion, and the employer/carrier are responsible for the dental treatment by Dr. Ware.
Finally, on the basis of the foregoing, the deputy abused his discretion in rejecting the unrefuted medical testimony of causal relationship, Patterson v. Wellcraft Marine, 509 So.2d 1195 (Fla. 1st DCA 1987), and his findings are contrary to the manifest weight of the testimony and not supported by competent and substantial evidence. Loughan v. Slutz Seiberling Tire, 483 So.2d 1389 (Fla. 1st DCA 1986).
The order is hereby REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.