528 So.2d 1292 (1988)
Jeffrey Eugene TAYLOR, Appellant,
v.
STANLEY INDUSTRIAL CORPORATION and Claims Center, Appellees.
No. 87-1472.
District Court of Appeal of Florida, First District.
August 2, 1988.
George D. Rotchford of Rotchford & Betancourt, P.A., Jacksonville, for appellant.
Terry D. Bork of Boyd & Jenerette, P.A., Jacksonville, for appellees.
ERVIN, Judge.
The claimant appeals the final order of the deputy commissioner (dc) denying temporary total disability (TTD) benefits and medical care. Because we are unsure from our examination of the order of the dc's reasons for denying the claim, we remand the order for clarification.
The claimant reported a back injury to his employer on August 11, 1983, informing his supervisor that he had injured his back approximately two weeks before while lifting fan motors. The employer directed the claimant to go to the hospital emergency room, where he was diagnosed as having sprained the thoracic spinal area and was directed to place ice on the sore area and pain medication was prescribed. The claimant returned to work and, over the course of the next two years, was seen by three authorized physicians, all of whom diagnosed him as suffering from a lower lumbar syndrome. In September 1986, Dr. Hurst, a chiropractor, advised the claimant to take a few weeks off from work to receive extensive physical therapy. The claimant remained out of work from September 8th through October 11th. The employer paid TTD benefits for the period of September 8th-19th, but controverted all claims thereafter.
*1293 At the hearing for TTD benefits, the employer/carrier presented evidence that the claimant had been in an auto accident on July 31, 1983  approximately the same time that the claimant stated he had injured his back at work. The claimant testified, however, that he had sustained only a cut on his chin in the non-work related accident, and the emergency room records disclose no evidence of any complaints of lower back pain.
In denying the claim for benefits, the dc stated:
Based upon all of the foregoing, and assuming for the sake of argument that the alleged accident occurred and was an accident within the definition and meaning of the Act, it is clear (and I so find) that the effects of the alleged accident were immaterial, inconsequential, and insubstantial and did not result in the condition Claimant has suffered from from (sic) and after April 23, 1984.
(emphasis supplied)
We conclude the above language in the dc's order is ambiguous, in that it is unclear whether the dc denied the benefits because of a lack of causation, or whether he found that a compensable injury did occur, but that the evidence reflected that the claimant suffered no disability. If the effect of the deputy's order was indeed a finding that the claimant had sustained an industrial accident, but suffered no disability, he should offer explicit and detailed reasons, sufficient for appellate review, why he rejected the expert medical testimony and denied benefits, as the unrefuted medical testimony in the record shows that the claimant was in fact suffering from lower lumbar syndrome. See Curtis v. Florida Correctional Institute, 509 So.2d 1192 (Fla. 1st DCA 1987). The dc's order is therefore
REMANDED for clarification and proceedings consistent with this opinion.
JOANOS and NIMMONS, JJ., concur.