540 So.2d 878 (1989)
Thomas N. OLSEN, Appellant,
v.
WELLCRAFT MARINE CORPORATION and Crawford & Company, Appellees.
No. 88-1611.
District Court of Appeal of Florida, First District.
March 7, 1989.
Rehearing Denied April 18, 1989.
*879 John T. Fryback of John T. Fryback, P.A., Bradenton, for appellant.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner denying temporary total disability compensation benefits, authorization for evaluation and treatment for psychiatric problems, and payment of past medical bills related to suicide attempts. Claimant was injured in the course and scope of his employment with Wellcraft Marine Corporation on September 19, 1986. After the accident, he was treated for a bulging intervertebral disc at the L4-5 level, carpal tunnel syndrome, and psychiatric problems. The issue on appeal involves only the psychiatric problems.
Prior to the accident, claimant had a history of psychiatric problems and chronic unemployment. Claimant gave a history of psychiatric problems dating back to a 1962 high school accident. He also indicated that he obtained psychiatric counseling several times prior to the end of 1984, and had two or three consultations with a counselor between 1984 and 1987.
On August 27, 1987, claimant voluntarily admitted himself into the Bay Pines Veterans Administration Hospital in St. Petersburg with complaints of being fearful, depressed, angry, fatigued, suspicious, and with some vague suicidal ideation. The hospital found claimant had an adjustment disorder with depressed mood and anxiety. He was discharged on September 3, 1987, after being found mentally competent. Between claimant's first and second hearing, claimant was hospitalized twice within a two-week period because he took overdoses of his pain medication. He was admitted to a hospital and crisis center from September 20 through 26, 1987, and again on October 7, 1987, with a diagnosis of recurrent depression and "dysthymic disorder." He reported having panic attacks and being very depressed and anxious. Three psychiatrists testified by deposition that claimant's psychiatric problems were causally related to his industrial accident and resulting inability to support his family.
In his order, the deputy found the psychiatrists testified without knowledge of claimant's work history or psychiatric problems prior to the industrial accident. The record indicates, however, that none of the psychiatric testimony was based on "mistaken belief." Two of the psychiatrists were furnished information concerning claimant's work history and psychiatric problems prior to the industrial accident by the employer/carrier's counsel and did not change their testimony. The third psychiatrist acknowledged claimant's past psychiatric difficulties and testified within a reasonable medical certainty that claimant's diagnosed psychiatric condition of major depression was causally related to his industrial accident and its aftermath. Nothing in the record refutes the doctors' testimony. Prior to the industrial accident, claimant was never hospitalized for any psychiatric complaints, nor had he ever previously attempted suicide.
The deputy committed reversible error in rejecting the unrefuted medical testimony of expert witnesses. D'Amico v. Westinghouse Electric Corporation, 527 So.2d 855 (Fla. 1st DCA 1988). This case is markedly similar to Curtis v. Florida Correction Institute, 509 So.2d 1192 (Fla. 1st DCA 1987). In Curtis, this court found the deputy erroneously rejected unrefuted, expert testimony that claimant's depression and periods of hospitalization were causally related to claimant's industrial accident. Although the doctors had not, at the time of their examinations, been provided with an accurate history of claimant's prior psychiatric problems, neither stated that their opinions as to the causal relationship between the accident and emotional problems would have changed had they been fully apprised of claimant's history. See also Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987) (in the absence of contradictory medical testimony, the deputy may not reject psychiatric testimony because of a single inaccuracy in the history given to the doctor); Jackson v. Dade *880 County School Board, 454 So.2d 765 (Fla. 1st DCA 1984) (fact that claimant misled his psychiatrist regarding his employment status did not provide a sufficient rationale to reject the psychiatrist's testimony).
Accordingly, the deputy's order should be reversed and remanded for proceedings consistent herewith.
BOOTH, JOANOS and MINER, JJ., concur.