543 So.2d 858 (1989)
Joyce SPAULDING, Appellant,
v.
ALBERTSON'S and Diversified Risk Administrators, Appellees.
No. 88-2156.
District Court of Appeal of Florida, First District.
May 17, 1989.
Rehearing Denied June 21, 1989.
*859 Susan W. Fox, of Macfarlane, Ferguson, Allison & Kelly, Tampa; and H. Guy Smith, Lakeland, for appellant.
Jeffrey R. Fuller, of Williams, Brasfield, Wertz, Fuller & Lamb, St. Petersburg, for appellees.
WIGGINTON, Judge.
Appellant appeals the deputy commissioner's order awarding her temporary partial disability benefits but denying her claim for temporary total disability benefits. We reverse and remand.
In March 1982, appellant injured her right arm and wrist in a work-related accident. Her treating physician found that she has reached maximum medical improvement orthopedically and he released her to return to light work. However, her psychiatrist testified without contradiction that she was temporarily totally disabled psychiatrically from the time he first saw her in December 1987 through the time he last saw her in May 1988. He attributed her psychiatric disability at least in most part to her compensable injury even after he considered the fact that she had at least two other noncompensable maladies.
The evidence showed that appellant suffered from an unrelated, long-standing vertigo condition which, according to her treating physician, had rendered her totally disabled by September 1987. In his opinion, she probably never would be able to return to work due to that condition. The evidence also showed that after her compensable accident, but before September 1987, she had been able to perform at least two jobs which she later gave up for reasons unrelated to her compensable injury. In her deposition, she stated that her compensable condition had not worsened since she left the last of those jobs. Employer/carrier presented testimony from a rehabilitation counselor that appellant was not motivated to return to work. Employer/carrier also made argument casting doubt on the psychiatrist's credibility but did not present any contradictory testimony in that regard.
The deputy commissioner concluded that appellant had made little effort to return to work although she appeared to be capable of performing some types of employment. He accepted the psychiatrist's opinion that she remained in need of psychiatric care but he made no mention of the psychiatrist's testimony regarding her temporary total disability. He concluded that she had voluntarily limited her income, that she is capable of earning $4.00 per hour or $160 per week, and that she should be paid temporary partial disability benefits based upon a deemed earning capacity of that amount, pursuant to Section 440.15(3)(b)2, Florida Statutes.
The deputy commissioner's rejection, without explanation, of the psychiatrist's unrefuted testimony that appellant was psychiatrically temporary totally disabled from at least December 1987 until May 1988 was error. Olsen v. Wellcraft Marine Corporation, 540 So.2d 878 (Fla. 1st DCA 1989); Patterson v. Wellcraft Marine, 509 So.2d 1195 (Fla. 1st DCA 1987); Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987). Consequently, his determination of her employability during that time is subject to reconsideration.
*860 Further, the deputy commissioner's application of "deemed earnings" for the period after September 1987 was improper since the unrefuted medical evidence established that appellant was unable to work after that time due to her unrelated vertigo condition. Application of the deemed earning provision of 440.15(3)(b)2 is limited to those situations in which the employee "voluntarily limits his or her income or fails to accept employment commensurate with his or her abilities." See Brookings v. Hunzinger Construction, 512 So.2d 952 (Fla. 1st DCA 1987). When a noncompensable condition causes disability in a claimant which is separate and apart from the disability caused by the compensable condition, "deemed earnings" is not the appropriate measure of workers' compensation benefits to be awarded to the claimant. In such a circumstance, the issue is an evidentiary one as to what portion of the disability is caused by the compensable condition. The fact that a noncompensable condition may even leave a claimant totally disabled does not render moot the above question. See Parish v. Baptist Hospital, 512 So.2d 1031 (Fla. 1st DCA 1987); Newhouse v. Volusia County School Board, 474 So.2d 1222 (Fla. 1st DCA 1985) and Anderson v. S & S Diversified, Inc., 477 So.2d 591 (Fla. 1st DCA 1985).
Consequently, upon remand, the deputy commissioner should determine, with consideration of the psychiatrist's testimony, whether appellant was unemployable due to her injury from July 1987 forward.
Reverse and remanded for further proceedings consistent with this opinion.
SMITH, C.J., and SHIVERS, J., concur.