JOANOS, Judge.
Mark Lowry has appealed from an order of the judge of compensation claims denying his claim for temporary total disability benefits, and past and future medical care. We reverse and remand for further proceedings.
Lowry injured his low back in a compen-sable accident in September 1987, after which he was treated conservatively by a succession of doctors. He saw Dr. Von Paleske, an orthopedic surgeon, on one occasion in May 1988. Von Paleske found no neurologic or orthopedic problem, and opined that there was no permanent impairment and that Lowry could return to work without restriction. His report did not specifically address maximum medical improvement, nor did it establish a date therefor.
Lowry received no benefits after April 1988 and, in June 1988, he moved back to West Virginia to receive assistance from his family. It is uncontradicted that, once there, he requested medical care from the employer/carrier which was not provided. In October 1988, Lowry consulted Dr. Cas- *304 to, a chiropractor, without authorization. Casto opined that Lowry was temporarily totally disabled at that time from various spinal infirmities. In March 1989, Casto referred Lowry to Dr. Ingnatiadis, a neurologist/neurosurgeon. Ingnatiadis noted decreased flexion of the lower back and muscle spasms, and declined to release Lowry to any type of work absent further testing, which the employer/carrier refused to authorize.
Lowry’s claim for temporary total disability benefits and medical care was heard in December 1988. The judge initially denied the claim based only on Dr. Von Pal-eske’s opinion, but later vacated that order to consider the depositions of Drs. Casto and Ingnatiadis. A second order was entered in June 1989. In paragraph three of that order, the judge stated that “[bjased on my observation of the claimant and my review of all the medical testimony, I accept Dr. Ingnatiadis and Dr. Casto ⅛ testimony to the extent they are consistant [sic] and reject Dr. Von Paleske ” (emphasis supplied). However, paragraph four of the order reads:
The accidents are alleged to have occurred in September of 1987. The employee was seen by Dr. Von Paleske_ On May 19, 1988 Dr. Von Paleske [sic] was complaining of back and right leg pain. The doctor does not relate the right leg or knee pain to the claimant’s alleged accident. It was felt that he needed no further treatment and that he had no particular disability. I accept Dr. Von Paleske ⅛ opinion over that of Dr. Ingnatiadis. Dr. Ingnatiadis saw the claimant much later on and has not had the full advantage of complete medical workup or the ability to observe the claimant over as long a period of time as Dr. Von Paleske. I find that the claimant has long since reached MMI with a minimal impairment. He has not been temporarily and totally disabled due to this accident or the consequences thereof (emphasis supplied).
The claim for temporary total disability was denied, as was the claim for past treatment by Drs. Casto and Ingnatiadis, solely because they were never authorized by the employer/carrier.
Lowry alleges first that, based on the employer/carrier’s failure to provide requested medical care, it was error to deny payment for such care solely on the basis that it was not authorized. We agree. An employer is required to furnish such medically necessary treatment, care and attendance by a health care provider and for such periods as the nature of the injury or the process of recovery may require. § 440.13(2)(a), Pla.Stat. (1987). If the employer fails to provide such treatment, care and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and necessity to be approved by a judge of compensation claims. § 440.13(2)(b), Fla.Stat. (1987).
Here, Lowry testified without contradiction that he repeatedly requested medical treatment from the employer/carrier after he relocated to West Virginia, but that it was never provided. However, in the order denying payment for the medical treatment which Lowry obtained on his own, the judge simply found that it was unauthorized. He did not address either the effect of the employer/carrier’s failure to provide the treatment upon request or the reasonableness and necessity of the unauthorized treatment.
The employer/carrier claim that this omission is irrelevant, given the judge’s additional finding that the claimant had reached maximum medical improvement (MMI) prior to the treatment at issue. However, the order does not establish the date on which Lowry allegedly reached MMI, but simply states, without citation to the record, that Lowry had “long since reached maximum medical improvement with a minimal impairment.” More importantly, the judge did not rely on MMI to deny the claimed medical care, but rather solely on the absence of authorization. The judge’s failure to address either the employer/carrier’s refusal to authorize the care or the reasonableness and necessity of that care mandate reversal for clarification of this issue.
Lowry also alleges that reversal is necessary based on inconsistencies in the *305 order regarding the acceptance and rejection of expert testimony. It is the judge’s function to determine credibility and resolve conflicts in the evidence and he may accept the testimony of one physician over several others. Koulias v. Tarpon Marine Ways, 538 So.2d 130, 131-32 (Fla. 1st DCA 1989). In this case, however, while at first appearing to accept the testimony of Drs. Casto and Ingnatiadis over that of Dr. Yon Paleske, the judge went on to accept Dr. Von Paleske’s opinion.
The judge specifically rejected the opinion of Dr. Ingnatiadis in part because he had not had “the ability to observe claimant over as long a period of time as Dr. Von Paleske.” However, Lowry saw Dr. Von Paleske on only one occasion, eight months after the accident. With regard to Dr. Casto, the judge makes no mention of his opinion that Lowry was totally disabled, despite the fact that Casto treated Lowry over a period of several months, and performed extensive objective testing. While a judge generally need not explain the rejection of expert testimony, the failure to do so is error where the reason for the finding is not apparent from the record, or the judge has apparently overlooked or ignored record evidence. Curry v. Miami Dolphins, Ltd., 522 So.2d 1010, 1011 (Fla. 1st DCA 1988). The reason for the judge’s apparent rejection of Casto’s opinion is not apparent from the record before us.
It is well settled that inconsistencies and inaccuracies in a workers’ compensation order can preclude appellate review, especially when the decision was the result of the conflicting findings. Taylor v. Stanley Industrial Corp., 528 So.2d 1292, 1293 (Fla. 1st DCA 1988). Based on the inconsistencies in the instant order with regard to the acceptance and rejection of the expert testimony received below, we reverse and remand for clarification of that order.
Reversed and remanded with directions.
SHIVERS, C.J., and MINER, J., concur.