PER CURIAM.
The City of Miami (City) appeals from a final order of the judge of compensation claims which awards the claimant “wage loss for the period of 8/2/87 to 1/24/88, based on earnings at the minimum wage.” We reverse and remand.
The claimant, a lieutenant with the Miami City Police Department, injured her knee on October 17, 1983. By July 1987, she had had two surgeries on her knee, treatment for her back, several sessions of physical therapy, and was anticipating a third surgery on her knee. The claimant filed a claim seeking benefits. The City controverted on the basis that the claimant voluntarily limited her income and that her inability to earn wages is not the result of the on-the-job injury. The parties agreed to limit the issue to temporary partial disability or wage loss from August 2, 1987 until January 24, 1988.
The judge made the following findings relevant to the award of wage loss benefits:
3. I find that the claimant during this period did not conduct a job search.
4. I find that the claimant was undergoing medical care in the form of epidural blocks and carcinoma treatment during this period, and I therefore find that where the claimant’s problems and inability to do a job search are medically related, that deemed earnings should apply. I therefore find that the employer should apply deemed earnings at minimum wage for all periods of time between August 2, 1987, to January 24, 1988.
These findings are deficient in several respects.
Although the judge finds that the claimant did not conduct a job search, there is no finding regarding whether a job search was excused. It appears from the record that there was a dispute as to whether the claimant was ever informed of her duty to conduct a job search and whether she was supplied with job search forms.
The order does not contain a finding that the wage loss was the result of the com-pensable injury. The judge does find that the claimant was undergoing medical care. However, as the City notes, the record indicates that facet blocks were recommended but there is no evidence the claimant ever received a facet block.[1] In finding that the claimant’s inability to do a job search was medically related, the judge also relies on the fact that the claimant was *173 undergoing carcinoma treatment for an unrelated thyroid condition. Based on the finding that the claimant’s inability to conduct a job search was medically related, the judge found that the employer should “apply deemed earnings at minimum wage.” As recognized in Spaulding v. Albertson’s, 543 So.2d 858 (Fla. 1st DCA1989):
Application of the deemed earning provision of 440.15(3)(b)2 is limited to those situations in which the employee “voluntarily limits his or her income or fails to accept employment commensurate with his or her abilities.” When a noncom-pensable condition causes disability in a claimant which is separate and apart from the disability caused by the com-pensable condition, “deemed earnings” is not the appropriate measure of workers’ compensation benefits to be awarded to the claimant. In such a circumstance, the issue is an evidentiary one as to what portion of the disability is caused by the compensable condition.
543 So.2d at 860 (citation omitted). The judge made no finding regarding whether the claimant voluntarily limited her income.[2]
Upon remand, the judge should determine whether any wage loss incurred was the result of the compensable injury. If the claimant has wage loss that is the result of the compensable injury, the judge should determine whether the requirement of conducting a job search was excused and whether the claimant voluntarily limited her income.
Reversed and remanded for further proceedings consistent with this opinion.
WIGGINTON and BARFIELD, JJ., concur.
ERYIN, J., dissents, with opinion.

. The City’s argument regarding the judge’s use of the term epidural block, rather than facet block, is meritless. This portion of the finding was a minor technical error, which could have been corrected at the motion for rehearing. We note that the term “epidural block" was used in the motion for rehearing by counsel for the City.

. Although there was testimony presented that police officers were always found a light-duty position if they were unable to return to their previous assignment, there was no evidence regarding the salary for such light-duty positions. There appears to be no evidence in the record regarding what would have been earned by the claimant, assuming there was a voluntary limitation of income.