PER CURIAM.
In these consolidated workers’ compensation cases eighteen claimants appeal orders denying their claims for benefits. All of the claimants worked at the Metropolitan Dade County Communications Center as either 911 operators, police dispatchers, or firefighter dispatchers. Although their individual workstations were not identical, all of the claimants used telephone headsets and computer equipment. The claimants were diagnosed with various upper extremity ailments, including many diagnoses of carpal tunnel syndrome. They pursued their claims under the repetitive trauma theory approved in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA), rev. denied, 388 So.2d 1119 (Fla.1980), and sought application of the logical cause doctrine in accordance with cases such as Manley v. Bennett’s Truck Equip., 506 So.2d 1145 (Fla. 1st DCA), rev. denied, 518 So.2d 1273 (Fla.1987). After a protracted hearing with numerous witnesses, the judge determined that the claimants did not prove that they sustained any repetitive trauma injuries. We have reviewed the voluminous record and the lengthy orders, and we conclude that there is ample support for the judge’s findings, and that no error has been shown in the denial of these claims.
While the claimants presented expert testimony substantiating their theory of injury by repetitive trauma, and the evidence might permit application of the logical cause doctrine, the county presented expert testimony disputing this theory. Indeed, the county’s experts questioned the claimants’ diagnoses, and their testimony further negated the existence of the repetitive trauma elements required under Festa. Given the conflicting evidence in this regard, the judge was not compelled to apply the logical cause doctrine. See, e.g., Deahl v. Uni-Pak Corp., 550 So.2d 122 (Fla. 1st DCA 1989). Upon accepting the testimony of the county’s ex *77 perts, the judge thus properly denied these claims.
The appealed orders are affirmed.