SHIVERS, Senior Judge.
Angelene D. Bouie has appealed from an order of the judge of compensation claims (JCC) denying her claim for wage-loss benefits, and an emergency room visit. We affirm in part, reverse in part, and remand for further findings.
On January 29, 1991, while employed by Miracle Hill as a nursing assistant, claimant Bouie suffered two falls. Miracle Hill terminated her soon thereafter and, in April 1991, authorized treatment by Dr. Jones. Dr. Jones released Bouie in May 1991; the record contains no evidence or testimony relative to his treatment. In June 1991, the E/C authorized a chiropractor, Dr. Willis, who commenced treating Bouie in September 1991.
Dr. Willis diagnosed post-traumatic myo-fascial syndrome with probable biomechanical alteration in the lumbosacral region, which he found causally related to the January 1991 falls; he stated that Bouie was temporarily totally disabled in September 1991. On November 1, 1991, Dr. Willis released her to light duty work with restrictions on lifting and bending and, on March 25, 1992, found that she had reached maximum medical improvement with no permanent impairment. Bouie returned to Dr. Willis on several occasions thereafter. After retesting her on July 21, 1992, Dr. Willis altered his previous opinion to establish a 3.5% permanent impairment as a result of the January 1991 accidents.
Immediately after the January 1991 falls, Bouie had complained of pain in her right leg. Four months later, she began to complain specifically of pain in her right knee. On November 23, 1991, Bouie visited the emergency room after hitting her head in a fall in her bathroom. Bouie testified that she had fallen when her leg “gave way,” but the written emergency room report indicated a diagnosis of “alcohol intoxication/intracranial injury;” Bouie conceded that she had consumed several beers a few hours before the fall.
*234 On August 24, 1992, Bouie complained to Dr. Willis that her right knee was “popping” and “giving way.” Dr. Willis again placed her in “off work” status so that her knee might be evaluated. However, he also stated that her back was a “significant factor” in the changed status, in that the knee condition had aggravated her back symptoms. He further stated that, even without the knee condition, Bouie would have had “marked difficulty” in performing a work search.
Dr. Ochs, an orthopedist, evaluated Bouie’s knee on October 2,1992 at the request of the employer/carrier (E/C). He found that the ligaments were intact, and that there was no joint grinding or popping. He did find ossification along the femoral condyle, indicative of a soft tissue stretch injury or contusion, with late onset of fluid in the joint. He testified that he could not relate the knee condition to the January 1991 accidents in that, if it had occurred then, it should have become symptomatic sooner than four months post-accident.
Bouie thereafter filed a claim for benefits, including temporary total disability or wage-loss from August 25, 1992 to February 12, 1993, and payment of the bills related to the November 23, 1991 emergency room visit. The claims were heard on June 1,1993 (prior to the hearing, the E/C stipulated to the compensability of the back condition, but not to the knee). The JCC thereafter denied the claim for wage-loss from August 25, 1992 to February 12, 1993, citing the lack of a work search. He found that, although Dr. Willis had excused Bouie from a search during that period, he did so based on the knee condition, which Dr. Ochs found was not related to the industrial accident. The JCC further found the November 23, 1991 emergency room visit noncompensable, as related solely to intoxication.
Addressing the latter issue first, the only medical evidence as to the reason for the November 23,1991 emergency room visit was an unrebutted emergency room treatment report (admitted without objection) indicating that Bouie’s injuries on that occasion were related to or occasioned by intoxication. While Bouie testified that she fell when her knee gave way, there is no indication in the report that Bouie told medical personnel at the time that the fall was caused in this way. She also conceded that she fell within hours of consuming several beers. Because competent substantial evidence supports the finding of the JCC that the emergency room visit was not related to the industrial accidents, we affirm the denial of the associated medical costs.
Turning to the denial of wage-loss benefits for the period August 25, 1992 to February 12,1993, the JCC based this ruling on Bouie’s failure to do a work search during that period. He found that Bouie was not excused by the “off work status” imposed by Dr. Willis, in that such status was related solely to the noncompensable knee condition. However, while not a model of clarity, Dr. Willis’ testimony indicates that, even without the knee condition, Bouie’s compensable back condition would have created “marked difficulty” in performing a work search.
When a noncompensable condition causes disability in a claimant which is separate and apart from the disability caused by the compensable condition, there is an evi-dentiary issue as to what portion of the disability is caused by the compensable condition. The fact that a noncompensable condition may leave a claimant totally. disabled does not render the issue moot. Spaulding v. Albertson’s, 543 So.2d 858, 860 (Fla. 1st DCA 1989). Here, the JCC made no finding as to what portion, if any, of Bouie’s inability to look for work was attributable to the compensable back condition. We therefore reverse the denial of wage-loss benefits for the period August 25, 1992 to February 12, 1993, and remand for further findings.
Affirmed in part, reversed in part and remanded for further findings as directed.
JOANOS and VAN NORTWICK, JJ., concur.