466 So.2d 439 (1985)
ALLIED PARCEL DELIVERY and CNA Insurance Company, Appellants,
v.
Ralph DIXON, Appellee.
No. BA-50.
District Court of Appeal of Florida, First District.
April 9, 1985.
*440 Jeffrey S. Breslow of Adams, Kelley & Kronenberg, Miami, for appellants.
Laurence F. Leavy of Williams & Zientz, Coral Gables, for appellee.
MILLS, Judge.
Allied Parcel Delivery and CNA Insurance Company (E/C) appeal from a workers' compensation order. The deputy awarded temporary total disability (TTD) benefits and found continuing authorization for chiropractic treatment. We affirm.
The claimant, Dixon, injured his back in an industrial accident on 15 December 1982. He had sustained previous on-the-job back injuries in 1980 and 1981.
The employer immediately authorized treatment by Dr. Nadel, a chiropractor who had treated Dixon following the 1981 back injury. Dr. Nadel treated Dixon on 15 December 1982 and 12 times thereafter. On 15 January 1983, the carrier unilaterally deauthorized Dr. Nadel. Dr. Nadel examined Dixon again on 21 September 1983.
Beginning on 19 January 1983, Dixon was examined and treated by Dr. Wilson, an orthopedic surgeon. Dr. Hall, another orthopedic surgeon, also examined Dixon.
The order appealed resulted from Dixon's controverted claim for, among other things, temporary disability benefits. Prior to a hearing, the parties stipulated there was no medical treatment claimed.
At the hearing, Dr. Nadel testified Dixon had not reached maximum medical improvement and could not do any type of work. He diagnosed subluxation of the spine together with lumbar and nerve root compression. In Nadel's opinion, Dixon needed further chiropractic care.
In contrast, neither Dr. Wilson nor Dr. Hall thought Dixon disabled. They placed no restrictions on him.
The deputy found Dixon TTD based on Dr. Nadel's testimony. He found Dixon "medically unable to engage in any type of physical activity or return to work."
The deputy also found the carrier's deauthorization of Dr. Nadel invalid because initial authorization came from the employer. Thus, he concluded, Dr. Nadel remains authorized.
The deputy did not state in the order why he accepted Dr. Nadel's opinions and rejected those of Doctors Wilson and Hall. But he did state in the order that Dixon had been referred to those physicians.
The E/C argue the deputy's failure to state why he accepted Dr. Nadel's opinions, rather than the opinions of Doctors *441 Wilson and Hall, is reversible error. Failure to state reasons for accepting one doctor's opinion over others is reversible error where the reason for the finding is not apparent from the record, or where it appears the deputy has overlooked or ignored evidence in the record. Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983). But here, Dr. Nadel's long history of treating Dixon is apparent from the record and a valid reason for accepting his testimony. The reference in the order to the fact Dixon saw Dr. Wilson and Dr. Hall indicates their testimony was not overlooked or ignored.
The E/C also argue Dr. Nadel's testimony is not competent substantial evidence of TTD because of alleged inconsistencies in his testimony. Our review of the record shows Dr. Nadel's testimony is, for the most part, consistent. It is competent and substantial.
As a final attack against the TTD award, the E/C challenge the adequacy of Dixon's job search. The adequacy of a job search is irrelevant because the deputy found Dixon "medically unable to engage in any type of physical activity or return to work." See, Apopka Greenhouse v. Scott, 417 So.2d 1148 (Fla. 1st DCA 1982).
Because the parties stipulated no medical benefits were claimed, the E/C contend the deputy had no authority to find Dr. Nadel authorized to treat Dixon. Normally, a deputy has no authority to exceed the agreed scope of a hearing. Scott Smith Oldsmobile v. Hoffard, 415 So.2d 886 (Fla. 1st DCA 1982).
In this case, however, the record indicates Dixon's counsel stated at the beginning of the hearing that his client was seeking medical benefits. Counsel for the E/C did not object before the order became final. Thus, the E/C acquiesced in expanding the scope of the hearing to include a claim for medical benefits.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.