507 So.2d 1146 (1987)
Thomas Richard SLATER, Appellant,
v.
UNITED PARCEL SERVICE and Liberty Mutual Insurance Co., Appellees.
No. BM-279.
District Court of Appeal of Florida, First District.
May 12, 1987.
Rehearing Denied June 19, 1987.
*1147 Ronald H. Watson of Merritt and Watson, Eustis, for appellant.
Richard H. Weisberg of Cooper, Rissman and Weisberg, Orlando, for appellees.
ERVIN, Judge.
The claimant in this workers' compensation case appeals the final order of the deputy commissioner (dc), which denied him compensation on the grounds that he had failed (1) to provide timely notification to the employer of his injury, (2) to prove by competent, substantial evidence that he had sustained an injury by accident arising out of and in the course of his employment, and (3) to present sufficient evidence excusing his medical care providers' failure to submit timely medical bills to the employer. We reverse, finding under the facts of this case, that the claimant's untimely notice was excusable, and that the dc incorrectly applied the law in her determination that the claimant did not suffer a compensable injury, and we remand for further proceedings.
In November 1984, the claimant was hired by United Parcel Service to work during the peak delivery season. On December 24, his last day of work, the claimant was extremely busy, delivering approximately one hundred more packages than on a normal work day. The following day, the claimant experienced an aching pain in his left calf which was examined by an osteopath, Dr. Reynolds, in early January 1985. Dr. Reynolds told the claimant that his muscles were stiff from overworking his leg. A pain reliever and bed rest were prescribed. It was not until the end of January, when the claimant returned to Dr. Reynolds for the third time, that the doctor considered that the claimant might have a disc problem. Bed rest, hot packs to the back, and a muscle relaxant and pain reliever were prescribed. Dr. Reynolds also told the claimant that he should have a CAT scan performed.
The claimant on February the fifteenth consulted another osteopath, Dr. Radnothy, who, while prescribing medication and bed rest, also informed the claimant that a CAT scan should be performed. Some time later, when his condition did not improve, the claimant had the CAT scan taken, which revealed that he had suffered a herniated disc. Upon learning of his condition, the claimant immediately reported to his former supervisor on April 23 that he had sustained an industrial injury on December 24, 1984.
Later a claim was filed, which the employer/carrier (e/c) controverted. Following a hearing, the dc found that the claimant's notice of April 23 was not timely reported to the e/c within the statutorily required period of thirty days. See Section 440.185(1), Florida Statutes. Section 440.185(1)(b), however, permits a dc to excuse the failure to give notice if "for some satisfactory *1148 reason such notice could not be given." (e.s.) We are in agreement that the record supports claimant's argument that the reason furnished by him was satisfactory.
3 Larson's Workmen's Compensation Law, § 78.41(a), states that "[t]he time period for notice or claim does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness and probable compensable character of his injury or disease." (e.s.) This principle was applied in Tomberlin v. City of Miami, 117 So.2d 735, 736 (Fla. 1960), in a decision holding that the failure of the claimant to give notice was excusable: "[W]hether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances ... [?]" See also Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961); Herb's Exxon v. Whatmough, 487 So.2d 1169 (Fla. 1st DCA 1986).
Applying the above test to the facts at bar we are of the view that the deputy's finding of untimely notice lacks a record foundation. The claimant in this case was unaware of the severity of his injury until April, at which time, noticing no improvement in his condition, he had the CAT scan performed. Before that time he had made a conscientious effort to alleviate his pain through prescribed bed rest, pain medication and muscle relaxants. We conclude that the claimant acted reasonably under the circumstances, and as a result offered a satisfactory reason for not notifying the e/c of the injury within the statutory time period.
The dc also found that the claimant had failed to prove by CSE that he had sustained a compensable injury by an accident arising out of and in the course of employment. In support of this finding, the dc gave as one of her reasons: "There was no unusual event such as a slip, trip, twist, or even the onset of pain while working which would be indicative of such an accident." The deputy applied an incorrect standard for determining a compensable injury. Section 440.02(1), Florida Statutes, defines an "accident" as an "unexpected or unusual event or result, happening suddenly." (e.s.) In construing the term accident, the case law recognizes that an unexpected result is sufficient to constitute an accident, even though there was no unexpected slip, fall or misstep. Houle v. Asphalt Sealing and Stripping Company, Inc., 397 So.2d 669 (Fla. 1981); Spivey v. Battaglia Fruit Company, 138 So.2d 308 (Fla. 1962).
The deputy listed other reasons, including claimant's lack of credibility, in finding that the claim was noncompensable. Because, however, it is impossible for us to determine whether the deputy would have reached the same result absent the now discredited findings of lack of timely notice, and the absence of an unusual happening or event, evidencing the occurrence of an accident, we remand the cause to the dc with directions that she revisit her finding that no compensable injury occurred. If on remand, the deputy once again determines to deny the compensability of the claim, based upon any other factors reflected in the order on review, she is directed to reference with specificity those portions of the record supporting any such finding. See Calleyro v. Mt. Sinai Hospital, All Risk Corp., 504 So.2d 1336 (Fla. 1st DCA 1987).
The last portion of the order, denying the claim for past medical bills, is also remanded for further consideration by the dc in the event she determines the claim to be compensable.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.