520 So.2d 53 (1988)
GREAT DANE TRAILERS and Alexsis, Inc., Appellants,
v.
Joseph D. CLARK, Appellee.
No. BS-111.
District Court of Appeal of Florida, First District.
January 14, 1988.
*54 Rex A. Hurley, of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
Jack W. Bettman, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellants, the employer/carrier, seek review of a workers' compensation order by which they were ordered to pay temporary total disability benefits, past and future medical care, and interest on past due benefits. They present only two issues: that the deputy commissioner erred in (1) finding a compensable accident where there was no unusual or sudden event, and (2) denying a credit for wage contribution payments made in lieu of workers' compensation benefits. We find competent substantial evidence in the record to support the finding that appellee suffered a compensable accident. Because appellants failed to prove their entitlement to an offset for wage continuation payments, we find the credit was properly denied. We therefore affirm.
Appellee, a welder, filed a claim for temporary total and temporary partial disability benefits, and medical benefits, alleging that he suffered an accident on October 21, 1985, when he moved a 300 to 400 pound cylinder at work. Appellee did not immediately report his injury to his employer, and did not feel pain until the following morning. He also did not disclose his injury at an October 26, 1985, pre-employment physical conducted by the company physician. Appellee asserted that he did not disclose the injury because he believed the back pain would resolve by itself, and he had been recently rehired and wanted to continue working.[1] Appellee worked four more *55 weeks. Away from his job during the weekend of November 16, 1985, he moved a 50 to 60 pound chair a foot or so, and experienced intensified back pain. The following Monday he was forced to leave work because of back pain. Appellee evetually underwent surgery for removal of a herniated disc. Appellants paid no workers' compensation benefits, but provided appellee with disability benefits, made available through a general health insurance policy, of $150.71 per week for twenty-six weeks, equal to 60% of appellee's wages.
Appellants argue that there was no sudden event or result on which compensability may be based. Section 440.02(1), Florida Statutes (1985), defines accident as "an unexpected or unusual event or result, happening suddenly." We find competent substantial evidence in the record to support the deputy commissioner's finding that appellee suffered an industrial accident on October 21, 1985, when he moved the extremely heavy cylinder. A coworker testified that appellee complained of back pain following the event. Appellee related his back pain to that occurrence, and his treating physician opined that the activity was the cause of appellee's herniated disc. Appellee gave timely notice of the injury to his employer within thirty days as provided under section 440.185(1). The fact that appellee's pain was delayed until the morning after the accident is not in itself determinative. See, Slater v. United Parcel Service, 507 So.2d 1146 (Fla. 1st DCA 1987). McCrory Stores v. Pence, 453 So.2d 159 (Fla. 1st DCA 1984), upon which appellants rely for the proposition that an accident is not compensable where the claimant does not experience pain or know he is injured at the time of the alleged accident, is distinguishable in that the claimant in that case waited ten months to report his injury, and was found to have suffered back problems for ten years prior to his alleged on-the-job accident, including an injury one month prior to the accident. In this case, the evidence showed that appellee had no significant history of back problems, suffered pain the morning after the accident, and reported the injury to his employer within one month of the accident.
Section 440.20(14) provides that "[i]f the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments or compensation due." Testimony of the employer's bookkeeper established that the employer paid appellee benefits available through a private disability insurance policy for a twenty-six week period. However, appellants failed to prove their entitlement to the credit with evidence showing the source of funding for the disability insurance policy, and that the payments were made in lieu of workers' compensation benefits. Because the burden is entirely on the employer/carrier to prove entitlement to a credit for wage continuation payments, denial of the credit was proper.
The order is affirmed.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] The order states:

Claimant did not disclose his accident of October 21, 1985, and in fact concealed this accident, during the physicial [sic] exam provided by the Employer during the next week. In so doing, Claimant was hoping that his on-the-job injury would resolve itself without having to be officially reported. The Florida Workers' Compensation Law does not hold workers' compensation benefits hostage to the Claimant's scrupulously and instantly reporting each and every seemingly minor accident and injury. An employee who did so would soon acquire a reputation as a malingerer, hypochondriac, crank, or other undesirable. Given the relatively minor onset of symptoms and disability. Claimant's actions here were reasonable under the circumstances. Claimant had every reason to believe initially that this injury would satisfactorily resolve itself over time.
Claimant's on-the-job accident of October 21, 1985 resulted in either a soft tissue or a herniated nucleus pulposus. For the four weeks following the accident, the on-the-job injury was symptomatic but not to such a degree as to preclude Claimant from working full-time at his regular job.
During the weekend of November 16-17, 1985, Claimant moved a heavy piece of furniture. This so aggravated the on-the-job injury of October 21, 1985 as to result in temporary total disability for the period claimed and extensive reasonable and necessary medical treatment, including surgery for a herniated disc. Temporary total and medical benefits are not subject to apportionment. It is merely necessary that the accident be a significant and material contributing cause of the temporary total disability and the need for the medical treatment. Such is the case here. The Employer/Carrier should pay the temporary total benefits claimed... .