524 So.2d 1081 (1988)
Carl Edward BLOCKER, Appellant,
v.
ARDMORE FARMS, Appellee.
No. 87-641.
District Court of Appeal of Florida, First District.
April 26, 1988.
Mark A. Zimmerman of James, Zimmerman & Paul, Deland, for appellant.
B.C. Pyle, Orlando, for appellee.

ON MOTION FOR CLARIFICATION
SHIVERS, Judge.
On appellant's motion for clarification, this opinion is corrected to read as follows:
*1082 In this workers' compensation case, appellant/claimant appeals from an order denying his claim for benefits. Claimant's claim is based on back injuries he received while loading boxes on a truck at work. The employer/carrier defenses are that there was no accident arising out of and in the course of claimant's employment and that no notice of the accident was given by the claimant.
The deputy commissioner's (DC's) order denying benefits found that claimant failed to give notice of the alleged injury in accordance with Section 440.185 of the Florida Statutes. Additionally, the DC found that claimant failed to prove that he sustained an injury in an accident arising out of and in the course of his employment.
Claimant raises four points on appeal, two of which merit discussion. First, claimant argues that the DC erred in refusing to excuse claimant's untimely notice of accident because the seriousness of claimant's injury was not known to him until some point after the statutorily required 30-day period. Second, claimant argues that the DC erred in finding that the claimant did not meet his burden of proving a compensable accident. We find merit in both of claimant's arguments.
In her order, the DC expressly "accepted and relied upon the testimony of Edward Sarnecki and Dennis Phillips which indicates the claimant made no mention whatsoever of any back injury or accident for a period of time in excess of a month after the date of the alleged accident." Although the DC never explicitly states her conclusions, it is clear that she found claimant failed to give proper notice because his notice occurred after the 30-day time limit set forth in Section 440.185(1), Florida Statutes (1987).
Although competent substantial evidence exists to support the DC's finding that claimant failed to give notice within the statutorily required 30-day period, the DC failed to consider Section 440.185(1)(b), which permits a DC to excuse the failure to give notice if "for some satisfactory reason such notice could not be given." In the case of Slater v. United Parcel Service, 507 So.2d 1146 (Fla. 1st DCA), rev. dismissed, 518 So.2d 1278 (Fla. 1987), this court reversed a DC's decision based in part on the grounds that the claimant had failed to timely notify the employer of his injury. In that case, a UPS delivery man experienced pain in his calf the day after Christmas Eve, an extremely busy delivery day. A doctor who examined the claimant's injury in early January told the claimant that his muscles were stiff from overworking his leg, and a pain reliever and bed rest were prescribed. However, after the claimant's third visit, the doctor suspected a disc problem and recommended a CT scan. A few months later, a CT scan revealed a herniated disc. The claimant immediately reported his injury to his employer. We reversed the DC's conclusion that timely notice was not given.
3 Larson's Workmen's Compensation Law, Section 78.41(a), states that `[t]he time period for notice or claim does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness and probable compensation character of his injury or disease.' (e.s.)
Slater, 507 So.2d at 1148. The court found that the claimant was unaware of the severity of his injury until the results of the CT scan revealed a herniated disc. We noted that before then, the claimant had made a conscientious effort to alleviate his pain through prescribed bed rest, pain medication and muscle relaxants.
The facts here are similar to those in Slater. Claimant consulted Dr. Geeta Sahgal, a general practitioner, approximately ten days after the alleged injury, complaining of low back pain during the last ten days. At that time, Dr. Sahgal did not believe her examination revealed any significant problems or neurological deficits, and she treated claimant for muscle spasm. On October 6, 1986, Dr. Sahgal indicated that claimant could return to work the next week. However, because claimant had not improved during his next two visits, Dr. Sahgal referred claimant to an orthopedist who, in turn, referred claimant to a neurologist for an EMG. The *1083 EMG performed on December 18, 1986, revealed a neurological abnormality with nerve root irritation indicating a possible herniated disc. The neurologist recommended that additional tests be performed. After claimant received the results of the EMG, he filed his claim for workers' compensation benefits. Unrefuted testimony in the record indicates that claimant notified his employer at some point in October, approximately one and a half months after the alleged injury. Finally, claimant explained that he did not press his employer for workers' compensation benefits when the alleged injury occurred because he felt that his back was going to get better during his treatments with Dr. Sahgal.
Claimant himself had no notice of the possible severity of his injury until he received the results of his EMG in December. Before then, claimant made five visits to Dr. Sahgal, who admitted that she could find no objective physical reasons for claimant's pain. Dr. Sahgal prescribed bed rest, physical therapy, muscle relaxants and eventually, anti-inflammatory medication. Claimant was not aware of the possible severity of his injury until he was told of the abnormal EMG results. Claimant testified that before he filed his claim, he did not insist that his employer provide him with workers' compensation benefits because he felt his condition was going to improve. Indeed, during his second visit with Dr. Sahgal, he was advised to go back to work. "The Florida Workers' Compensation Law does not hold workers' compensation benefits hostage to the claimant's scrupulously and instantly reporting each and every seemingly minor accident and injury. An employee who did so would soon acquire a reputation as a malingerer, hypochondriac, crank, or other undesirable." Great Dane Trailers v. Clark, 520 So.2d 53, 54 n. 1 (Fla. 1st DCA 1988). In accordance with Slater v. United Parcel Service, supra, we conclude that claimant acted reasonably under the circumstances in not notifying the employer/carrier of his injury within the statutory time period, and we reverse the DC's finding that claimant failed to give proper notice of his accident.
The deputy commissioner also found that claimant had failed to prove by competent substantial evidence that he had sustained a compensable injury by an accident arising out of and in the course of employment:
Although the claimant testified that he felt pain while working with the employer on September 18, 1986, I have rejected this testimony in the face of testimony from co-employees and that of Dr. Sahgal indicating the claimant made no mention whatsoever of any industrial injury for a substantial period of time. The testimony of Sahgal indicates no history of industrial injury until the transfer of claimant's care to Dr. Rhodes. Even at this point she was uncertain as to how the information arose. I have accepted and relied upon the testimony of Edward Sarnecki and Dennis Phillips which indicates the claimant made no mention whatsoever of any back injury or accident for a period of time in excess of a month after the date of the alleged accident.
The DC based her finding that claimant failed to prove a compensable injury on her finding that claimant did not mention his accident to Dr. Sahgal, Mr. Sarnecki or Mr. Phillips for a period of time in excess of a month. However, the facts relating to claimant's lack of notice do not control whether claimant's injury was work related. Additionally, the DC rejected claimant's testimony that he felt pain on September 18, 1986. However, in Allman v. Meredith Corp., 451 So.2d 957, 960 (Fla. 1st DCA 1984), we held that a claimant's lack of credibility does not constitute an adequate basis for the rejection of the only competent substantial evidence as to the cause of claimant's condition. In the instant matter, competent substantial evidence existed to support claimant's contention that his injury was work related. Both Dr. Rhodes, an orthopedic surgeon who examined claimant, and Dr. Derbenwick, a neurologist who performed an EMG on claimant, testified in response to a hypothetical question based on claimant's job description that there was a high degree of medical probability that claimant's injury *1084 was related to his work activity. The DC's order apparently rejects this testimony, as this testimony is not even mentioned in her order. Where the issue before the DC involves essentially a medical question, the DC should offer a sufficient reason for rejecting expert medical testimony, especially if such testimony is unrefuted. Curtis v. Florida Correctional Institute, 509 So.2d 1192 (Fla. 1st DCA 1987); Jackson v. Dade County School Board, 454 So.2d 765 (Fla. 1st DCA 1984).
It is unclear whether the DC considered and rejected the physicians' testimony or why the DC rejected the physicians' testimony. Accordingly, we remand to the deputy commissioner to revisit her finding that no compensable injury occurred.
JOANOS, J., concurs.
THOMPSON, J., dissents, with written opinion.
THOMPSON, Judge, dissents.
I would affirm. The deputy commissioner (deputy), who is the finder of fact and judge of the credibility of the witnesses, found that the claimant failed to prove by competent substantial evidence that he had sustained a compensable injury by an accident arising out of and in the course of his employment. Although at the hearing the claimant testified that he felt pain while working with the employer on September 18, 1986, the deputy specifically rejected this testimony in view of the testimony of fellow employees and of claimant's initial treating physician indicating that the claimant made no mention whatsoever of any industrial injury. There is competent substantial evidence to support the finding of the deputy and her order should be affirmed.