526 So.2d 760 (1988)
INTERNATIONAL MINERALS & CHEMICAL CORPORATION, Appellant,
v.
Patricia BUCKLEY, Appellee, and
State of Florida, Department of Labor and Employment Security, Division of Workers' Compensation, Statutory Respondent.
No. 87-1412.
District Court of Appeal of Florida, First District.
June 8, 1988.
*761 Charles E. Bentley and Michael P. Sampson of Holland & Knight, Lakeland, for appellant.
C. Kenneth Stuart and W. James Kelly of W. James Kelly, P.A., Lakeland, for appellee.
WIGGINTON, Judge.
The employer/carrier appeal the deputy commissioner's order finding claimant's ruptured disc and nerve compression to be compensable injuries and awarding benefits. Several points are raised on this appeal, but since we find it necessary to reverse the finding of compensability, we need not address the remaining points.
Claimant is a woman who has exhibited remarkable and impressive grit despite persistent back pain over a course of twenty years precipitated by her wrenching her back at the age of eighteen when she stepped into a 2-foot hole. Her work history reveals that claimant was not intimidated by heavy, strenuous activity. Indeed, she worked for the present employer in its phosphate mines since 1977 as a "pit gunner," or hydraulic gun operator. In addition, she also opened and closed valves, climbed up on the pumping system, swept out the pit, and removed roots and stumps impeding operations. Throughout her testimony, claimant impressed upon the deputy that despite her earlier back injury, she was never bothered by pain to the point where it would inhibit her work activities.
However, beginning in 1978, claimant began to notice pain symptoms more severe than she had ever experienced. The ultimate diagnosis, made in November 1985 by Dr. Brackett, revealed severe nerve root damage caused by nerve compression from a large herniated intervertebral disc. As a result, Dr. Brackett performed a hemilaminectomy and a diskectomy.
However, it was not until January 1986 that claimant began to believe that her back problem was related to her work. A claim was subsequently filed in October 1986 and the employer/carrier controverted the claim contending that the accident was noncompensable. A Martin Company v. Carpenter, 132 So.2d 161 (Fla. 1961) defense was also raised.
The deputy entered an order awarding benefits, medical care, and treatment, finding that the injury was compensable on the basis of any one of three theories: repetitive trauma; an unusual result arising from employment activities; and logical cause. The employer/carrier's other defenses were rejected.
On appeal, the employer/carrier strenuously argue that claimant has failed to establish a causal relationship between her employment and her back condition. Unfortunately, we are compelled to agree. Claimant could not elicit one medical opinion that her back condition was connected to her employment. For example, when asked specifically about her employment activities impacting on her back, Dr. Brackett opined that "any of her life's activities may be construed to have an influence on this, and that would include activities at work as well as at home." He also testified that he could not say whether claimant's vigorous activities in the outdoors more likely than not had a greater bearing on the erosion of the disc than would normal household duties and chores. Indeed, he suspected that her back problems began with her 20-year-old accident, and that the disc deteriorated over the intervening time and finally protruded compressing the nerve and requiring surgery. A second physician, selected by the deputy to examine claimant, reported that he was unable to make any definite determination as to the etiological relationship between claimant's employment and her herniated disc, as the historical data was not present to make such a determination within reasonable medical certainty.
Although claimant relies on Moldthan v. Sentinel Communications Company, 510 So.2d 1185 (Fla. 1st DCA 1987), to support the deputy's finding of compensability on the basis of repeated trauma, we note that there was at least some medical suggestion *762 of causality therein. The same was true in the logical cause cases of Ralosky v. Dynamic Builders, Inc., 500 So.2d 193 (Fla. 1st DCA 1986) and Manley v. Bennett's Truck Equipment, 506 So.2d 1145 (Fla. 1st DCA 1987). Similarly, we would agree with the employer/carrier that the deputy's reliance on Slater v. United Parcel Service, 507 So.2d 1146 (Fla. 1st DCA 1987), for the finding that compensability was due to the fact of an unusual result, was misplaced. Slater merely held that a deputy may find a claimant has sustained a compensable injury based on evidence of either an unexpected or unusual event or result. In the instant case, although claimant may have demonstrated an unusual result, she did not demonstrate that it was because of her employment.
In short, the deputy commissioner's finding of compensability was not based upon competent and substantial evidence and we therefore must regrettably reverse the order awarding benefits.
REVERSED.
MILLS and SHIVERS, JJ., concur.