ERVIN, Judge,
dissenting.
Although I agree with the majority that a deputy commissioner clearly has the authority to accept the testimony of one physician over that of others, and that generally the deputy need not explain why he or she accepts the testimony of one doctor and rejects that of another, Buro v. Dino’s Southland Meats, 354 So.2d 874 (Fla.1978), I consider that it is nevertheless error for the deputy not to give reasons for such rejection where the reason for his or her finding is not apparent from the record, or it appears that the deputy has overlooked or ignored evidence in the record. See Allied Parcel Delivery v. Dixon, 466 So.2d 439 (Fla. 1st DCA 1985); Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983). In that the reasons for the deputy’s acceptance of the opinion testimony of Drs. McBride and Johnson over that of Dr. Zilioli are not evident, from my review of the record, I would remand the cause to the deputy with directions that he either clarify his findings or conduct an evidentiary hearing.
Claimant suffered an industrial injury to his back on April 14, 1986, while lifting concrete forms. Three days thereafter he was examined by Dr. Zilioli, an orthopedic surgeon, who diagnosed claimant’s condi *1364 tion as acute lumbosacral strain, with the possibility of a disk herniation at the L4-L5 vertebral space. A CAT scan was later performed, revealing the possible existence of a central herniation at the L4-L5 space and a right-sided disk herniation at L5-S1. Thereafter claimant was given a myelo-gram which confirmed the results of the CAT scan. MRI and EMG tests, however, did not reveal the presence of a herniated disk. On April 24, 1987, the employer/carrier (e/c) referred claimant to Dr. James C. Johnson for an independent medical examination, who, upon reviewing the medical records (which unfortunately did not include a definitive myelogram taken earlier), and following a medical examination of the claimant, found that claimant had then reached maximum medical improvement (MMI), with no permanent impairment (PI). Moreover, he considered that a pain management program was not needed. Subsequently, Dr. Zilioli opined that claimant had reached MMI with a PI of five percent to the whole body, and, contrary to Dr. Johnson’s opinion, stated that a pain management program was advisable. Finally, claimant was seen by Dr. G. Grady McBride, another orthopedist, who reviewed all the medical records, including the myelogram, and observed evidence of a central disk herniation and also recommended claimant’s referral to a pain management program.
In denying the employee’s claim for temporary total disability, temporary partial disability or wage-loss benefits, the deputy concluded that the claimant had reached MMI on April 24, 1987, the date of Dr. Johnson’s one-time examination, and accepted Dr. Johnson’s testimony that claimant had not sustained a PI, over the contrary testimony of the treating physician, Dr. Zilioli. Although Dr. McBride agreed that claimant had probably reached the point of MMI, he expressed no opinion as to whether claimant had suffered any PI. Nevertheless, the record discloses that he placed significant restrictions upon the claimant’s activities. As we have previously recognized, the imposition of medical restrictions is inconsistent with a finding of no PI. See Jackson v. Publix Supermarkets, Inc., 520 So.2d 50 (Fla. 1st DCA 1987). Moreover, Dr. McBride clearly testified that claimant’s complaints were objectively supported by the tests which were administered to him.
Perhaps the most significant reason why this case requires remand for further factual findings is that Dr. Johnson’s opinion, which the deputy accepted, stating that claimant had not sustained any PI, was made without the benefit of a myelogram. Dr. Zilioli testified that the myelogram is the ultimate test of all those that were administered to the claimant, and this critical testimony was never' ref uted. Given the material discrepancy between the opinion testimony of Dr. Zilioli and Dr. Johnson, I can only conclude that the deputy must have overlooked the unrefuted, critical testimony of Dr. Zilioli regarding the importance of a myelogram in the diagnosis of a condition, such as that complained of by claimant, and that this omission influenced the deputy’s decision in accepting the conflicting opinion of Dr. Johnson and rejecting those of Drs. McBride and Zilioli, which were based upon objective findings.
Finally, in paragraph 7 of his order, the deputy erroneously states that there is no evidence concerning the claimant’s job search, beyond the bare testimony of the claimant. To the contrary, the record contains the claimant’s extensive recordation of his job search, including the names and addresses of all prospective employers contacted, along with the specific names of the persons contacted, and the types of jobs sought.
Because it appears from the record that the deputy, in denying additional benefits to claimant, overlooked or ignored material evidence, by, among other things, rejecting the testimony of two experts whose opinions were supported by objective findings and accepting instead the opinion testimony of Dr. Johnson, who based his opinion on incomplete information, I would reverse the order and remand with directions for the *1365 deputy to clarify his findings. See Slater v. United Parcel Serv., 507 So.2d 1146 (Fla. 1st DCA), review dismissed, 518 So.2d 1278 (Fla.1987); Calleyro v. Mt. Sinai Hosp., 504 So.2d 1336 (Fla. 1st DCA), review denied, 513 So.2d 1062 (Fla.1987).