THOMPSON, Judge.
The employer, Lowe’s of Bradenton, and its servicing agent appeal an order which finds that claimant suffered an injury by accident arising out of and in the course of his employment with Lowe’s and awards temporary total disability benefits. We agree with Lowe’s contention that there is no competent substantial evidence that the claimant suffered a compensable accident which arose out of and in the course of his employment, and we reverse.
Before being hired by Lowe’s as a building supply salesman, claimant worked for Duff’s Restaurant for more than four years. During this period he sustained a series of four on-the-job back injuries. At the time of the first injury Duffs apparently had no workers’ compensation coverage. The other three injuries each occurred while a different carrier was providing coverage. These injuries culminated in claimant undergoing a lumbar laminectomy in September 1986. Claimant then went to work for Lowe’s in December 1986 and his alleged injury occurred in October 1987. Throughout this time period claimant was continuously under medical care for ongoing back problems.
Claimant was unable to specify any particular event or series of events which resulted in him being unable to work after October 9 or 10, 1987. The evidence adduced established that claimant’s employment at Lowe’s entailed a variety of activities, and that in October he was performing all of his regular activities at perhaps somewhat of an increased pace. The lack of a specifically identifiable incident causing the onset of pain is not necessarily dispositive of the causation issue. Moldthan v. Sentinel Communications Co., 510 So.2d 1185 (Fla. 1st DCA 1987); Slater v. United Parcel Service, 507 So.2d 1146 (Fla. 1st DCA 1987). However, the testimony of both claimant and his treating physician, established that any of claimant’s daily activities could have contributed to his October 1987 disability.
The judge of compensation claims (JCC) found that claimant’s injury occurred *324 as the result of repetitive trauma to the claimant’s back as a result of his lifting and moving items at Lowe’s. In order to recover under an exposure or repetitive trauma theory of accident the claimant must show 1) prolonged exposure, 2) the cumulative effect of which is injury or aggravation of a preexisting condition and 3) that he has been subjected to a hazard greater than that to which the general public is exposed. Alternatively, he must demonstrate a series of occurrences the cumulative effect of which is injury. Festa v. Teleflex, Inc., 382 So.2d 122, 124 (Fla. 1st DCA) review denied 388 So.2d 1119 (Fla.1980). Here there is no competent substantial evidence which satisfies these criteria. Claimant’s treating physician acknowledged that “everything” is a contributing factor to claimant’s condition. Contrary to the JCC’s finding, neither claimant nor his supervisor at Lowe’s testified that claimant’s sales position entailed prolonged or repetitive lifting and moving of items. Absent evidence of a causal relationship between claimant’s employment and his disability any award of benefits is unsupportable. See e.g., International Minerals & Chemical Corp. v. Buckley, 526 So.2d 760 (Fla. 1st DCA 1988). The JCC’s finding of compensability was not based on competent substantial evidence and the award of benefits accordingly is reversed.
BOOTH and MINER, JJ., concur.