565 So.2d 852 (1990)
HILLSBOROUGH COUNTY SCHOOL BOARD and Poe Risk Management Services, Inc., Appellants,
v.
Sharon WILLIAMS, Appellee.
No. 89-3085.
District Court of Appeal of Florida, First District.
August 9, 1990.
*853 Stephen M. Barbas of Mitcham, Weed, Barbas, Allen & Morgan, Tampa, for appellants.
William H. Yanger, Jr. of Yanger & Yanger, Tampa, for appellee.
SHIVERS, Chief Judge.
The E/C appeal the Judge of Compensation Claims' (JCC's) finding that claimant sustained an injury arising out of and in the course and scope of her employment. We remand for further disposition.
Claimant is a Hillsborough County school bus driver whose duties include cleaning the bus. In her July 10, 1989 deposition claimant recounted that on January 25, 1989, she was cleaning the bus, picking up paper off the floor, and when she reached to pick up one particular piece of paper she felt a pulling in her back. She said the paper was in front of her in the aisle. During this deposition she did not mention any impact associated with her injury. The details of the bus cleaning incident related by claimant during her deposition were similar to the details Doctors Brewer and Murphy recalled claimant related to them when they asked her about the history of her back pain. Claimant did not tell her doctors that she considered her back pain to be related to any impact. At hearing, however, claimant testified that she was picking up paper at the front of the bus near the glove compartment and when she straightened up she struck her back on the "rod of the bus."
As a general rule,
for an injury to arise out of and in the course of one's employment, [1] there must be some causal connection between the injury and the employment or [2] it must have had its origin in some risk incidental to or connected with the employment or that [3] it flowed from it as a natural consequence. Another definition widely approved is that [4] the injury must occur within the period of the employment, *854 at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.
Hill v. Gregg, Gibson & Gregg, Inc., 260 So.2d 193, 195 (Fla. 1972) (quoting Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495, 496 (1940)). In the instant case, even though claimant gave conflicting stories about the cause of her pain, the JCC accepted her testimony at least to the extent that he believed her injury occurred on the job. Specifically, the JCC wrote in his order that claimant "sustained an injury by accident arising out of and in the course of her employment ... when while bending over to pick up a piece of paper from the bus that she was cleaning out, she experienced pain in and about her low back upon arising at which time she may or may not have struck her back on a handrail."
However, as the E/C argue, the JCC did not address evidence in the record that claimant had a preexisting, idiopathic[1] condition. Dr. Murphy testified that the CAT scan revealed slight bulging of the L5-S1 level which he said was degenerative in nature. Dr. Murphy also opined that claimant's condition was possibly related to trauma; but bending over to pick up a piece of paper, he considered, is the lowest level of normal daily physical activity. In his order, the JCC refers to Dr. Murphy's finding that claimant had a slightly bulged disc but he makes no reference to Dr. Murphy's opinion that such was the result of a degenerative condition. Claimant urges us to assume that the JCC's failure to discuss this medical opinion constitutes a factual finding on the JCC's part that the claimant did not have an idiopathic condition. We cannot make such an assumption where there is no medical evidence to support it. The assumption we make is that the JCC failed to discuss Dr. Murphy's degenerative disease opinion either because he neglected to consider it or because he did consider it and he tacitly rejected it. But even assuming the JCC considered and rejected Dr. Murphy's opinion on this point, he would have nevertheless been required to offer a sufficient reason for doing so because there is no medical evidence in the record that refutes Dr. Murphy's opinion. Blocker v. Ardmore Farms, 524 So.2d 1081 (Fla. 1st DCA 1988) (where the court remanded to the JCC to revisit her finding that no compensable injury occurred where it was unclear whether she considered and rejected unrebutted medical testimony of compensability). Thus, not only would it be improper to make a gratuitous assumption, but the failure to discuss evidence of preexisting idiopathy, especially in light of there being no evidence to suggest the contrary, renders the JCC's order incomplete. See Id.
The E/C argue that claimant failed to prove a causal relationship between her physical condition and the bus cleaning incident. We do not reach that issue because informed analysis of the notion "arising out of the course and scope of employment" is dependent upon an initial determination on the existence vel non of an idiopathic condition. "It is settled that when an employee brings to his job some idiopathic condition, before the injury may be found compensable, the employee must demonstrate that it resulted from an exertion or strain beyond that which he normally encountered, in his non-working life." Baker Mobiles of Florida v. O'Neil, 412 So.2d 34, 34-35 (Fla. 1st DCA 1982). The general rule regarding compensability, set out above, is not nearly so confining. And since the JCC left claimant's conflicting renditions of the bus cleaning incident unresolved by finding claimant "may or may not" have struck her back, we do not have before us a compensability question in which a definitive physical trauma was involved. Resolution of this factual issue cannot be supplied at the appellate level. See Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983).
Accordingly, we remand this case for a determination of whether claimant suffers *855 from an idiopathic condition and for further findings as the JCC may deem necessary.
JOANOS and MINER, JJ., concur.
NOTES
[1] Idiopathy 1. A disease of unknown origin or cause; a primary disease. 2. A disease for which no cause is known. The American Heritage Dictionary 654 (New College ed. 1982).