587 So.2d 626 (1991)
ALLIED DISCOUNT TIRES and Executive Risk Consultants, Inc., Appellants,
v.
George COOK, Appellee.
No. 90-3224.
District Court of Appeal of Florida, First District.
October 14, 1991.
*627 Paul L. Westcott and Robert A. Donahue, of Rissman, Weisberg, Barrett & Hurt, Vero Beach, for appellants.
O. John Alpizar, Palm Bay and Bill McCabe, Longwood, for appellee.
ERVIN, Judge.
Appellants, Allied Discount Tires and Executive Risk Consultants, Inc., the employer and its insurance carrier (E/C), seek review of a final workers' compensation order awarding appellee, George Cook, the claimant below, seventy hours of unskilled attendant care per week. The E/C contends alternatively that the record lacks competent, substantial evidence (CSE) to support any award of attendant care, but, even if there were evidence in support of same, there is none to support an award of seventy hours per week. We conclude that the record does contain CSE to support an award of unskilled attendant care; we remand, however, the case with directions for the judge of compensation claims (JCC) to clarify his findings in regard to the quantity of care ordered.
Claimant was rendered permanently and totally disabled as a result of a March 14, 1986 back injury that was accepted by the E/C as compensable. He underwent operations for a herniated disc in both 1987 and 1988; yet, since his release from Sea Pines Rehabilitation Hospital in August 1989, his condition has gradually deteriorated in that he has suffered increased back pain, increased numbness and insensitivity in his right leg, and a more pronounced limp. The next possible treatment is fusion surgery, which claimant hopes to avoid.
In regard to the issue of attendant care, claimant, who lives alone, testified at the hearing that because of his condition he is unable or has substantial difficulty performing routine household chores, such as vacuuming, heavy dusting, cleaning, which requires bending, doing laundry, grocery shopping, or cooking.
William Hoeffner, a rehabilitation counselor retained by claimant to evaluate his need for attendant care, testified, after reviewing claimant's medical history and the depositions of Drs. Vligenthart and Olsson, and interviewing claimant in his home, that claimant needed eight to ten hours per week of interior house maintenance for such chores as laundry and shopping. He divided that estimate into four to six hours for housekeeping, two hours for doing laundry, and two hours for shopping. He also stated that claimant needs someone to come into his home two or three times a *628 week to prepare meals which claimant could then reheat in a microwave oven. Hoeffner estimated that such services would take approximately two or three hours per week.
Dr. Vligenthart, the physician who had performed the two back surgeries, recommended maximum conservative treatment in an attempt to avoid a third operation. He stated in his deposition that claimant has a chronic lumbar disc problem that makes it impossible for him to perform customary caretaking functions, including grocery shopping, laundry, and household work. Consequently, he opined that attendant care was medically necessary and recommended that claimant receive unskilled attendant care for approximately eight to ten hours per week. He did state that if someone went to claimant's home, assessed his needs, and recommended fifteen hours' attendant care rather than ten, he would have no quarrel with that estimation.
Dr. Olsson, a psychiatrist who was one of claimant's physicians while claimant was at Sea Pines Rehabilitation Hospital, opined in his deposition that when he last saw claimant in August 1989 that he did not believe claimant needed unskilled attendant care. He did state that he had not seen claimant for over a year when he gave his deposition, and that if there had been changes in claimant's condition since then, he would defer to someone who continued to treat claimant.
Section 440.13(2), Florida Statutes (1985), requires the E/C to provide medically necessary treatment, care, and attendance, including appropriate professional and nonprofessional attendant care. The burden is on the claimant to establish the quantity, quality, and duration of the attendant care claimed. Walt Disney World Co. v. Harrison, 443 So.2d 389, 393 (Fla. 1st DCA 1983). Although attendant care for the performance of ordinary housekeeping services is generally not compensable when those services are performed by a family member, if the claimant lives alone, as is the case here, an award of attendant care to perform those services may be proper. Walt Disney World Co.; CATV Support Servs. v. Lohr, 509 So.2d 1189 (Fla. 1st DCA 1987); DeLong v. 3015 West Corp., 491 So.2d 1306 (Fla. 1st DCA 1986). When there is CSE to support an award of attendant care, the award will be affirmed. Firestone Tire & Rubber v. Knowles, 561 So.2d 1293 (Fla. 1st DCA 1990).
In the instant case, there is conflicting evidence in regard to claimant's need for attendant care services. Dr. Olsson opined that claimant did not need attendant care as of August 1989, while Dr. Vligenthart and William Hoeffner both testified that claimant needed at least eight to ten hours of unskilled attendant care per week. It is exclusively within the JCC's province to evaluate the credibility of the witnesses, resolve conflicts in the testimony, and weigh the evidence, and, in so doing, the JCC may accept the testimony of one witness over that of another. Batka v. Duff's Smorgasboard, 560 So.2d 377, 379-80 (Fla. 1st DCA 1990). Here the JCC resolved the conflicting evidence by accepting the opinions of Dr. Vligenthart and Mr. Hoeffner over Dr. Olsson's. Because the reasons for accepting Dr. Vligenthart's opinion are apparent in the record,[1] in that Dr. Vligenthart had a long history of treating claimant,[2] and claimant's condition had deteriorated since he last saw Dr. Olsson, who specifically conditioned his opinion on the absence of such eventuality, and because it does not appear that the JCC overlooked or ignored any evidence, we conclude that the JCC did not err in awarding unskilled attendant care to claimant.
*629 As to the quantity of attendant care, the JCC directed that claimant receive seventy hours per week. We are unable to determine, however, what evidence the JCC relied on in making such an award. Clearly there is evidence to support an award of ten hours per week, and arguably more, in that both Dr. Vligenthart and Mr. Hoeffner's testimony could be construed as authorizing attendant care in excess of ten hours.[3] Additionally, the JCC was free to consider claimant's lay testimony.[4]Walt Disney World Co., 443 So.2d at 392 (medical and lay evidence supporting attendant care award). Consequently, while we do not say that the award of seventy hours per week is per se reversible, we direct the JCC on remand to clarify his findings, by referencing specific evidence in the record to support the award.[5]See Burris v. Goodyear, 577 So.2d 1376, 1378-79 (Fla. 1st DCA 1991) (reversing and remanding attendant care award for determination of appropriate value supported by CSE).
REVERSED and REMANDED for further consistent proceedings.
SMITH and ALLEN, JJ., concur.
NOTES
[1] The general rule is that a JCC's failure to state his or her reasons for accepting one doctor's opinion over that of another is reversible error if the reason is not apparent from the record or if it appears that the JCC overlooked or ignored evidence in the record. Allied Parcel Delivery v. Dixon, 466 So.2d 439, 441 (Fla. 1st DCA 1985).
[2] A doctor's long history of treating a claimant is a valid reason apparent in the record for accepting such doctor's testimony over that of another. Allied Parcel Delivery, 466 So.2d at 441.
[3] Dr. Vliegenthart testified that he would not quarrel with an award of fifteen hours and it is unclear whether Mr. Hoeffner's eight-to-ten hour estimate included the amount of time he considered was required for cooking.
[4] In so saying, we observe that the applicability of Section 440.13(2)(f), Florida Statutes (Supp. 1990), which requires that a physician describe the nature and extent of the attendant care to be provided, was not raised and is therefore waived.
[5] We specifically direct that no additional evidence be submitted on remand.