ERVIN, Judge.
Claimant, Euyvondia Gaddis, appeals from a final workers’ compensation order in which the judge of compensation claims (JCC) determined that Gaddis did not injure her back in the April 28, 1992 industrial accident and therefore denied her claim for benefits arising from her back injury. We reverse and remand for further proceedings and clarification.
In reaching our decision we are not unaware that the JCC did cite competent, substantial evidence in the record to support his determination, namely, that Gaddis did not report her back injury to the physician’s assistant on the date of the accident; there was no bruising noted on her back by the assistant on April 30, 1992; the existence of negative and inconsistent medical testing results and conflicting testimony regarding whether Gaddis had injured her back in an incident unrelated to work. Nevertheless, because the JCC rejected without explanation unrefuted medical testimony by Dr. McCormick that Gaddis’s back injury was caused by the industrial accident of April 28, 1992, we consider that the interests of justice would be better served by remand for clarification. See Blocker v. Ardmore Farms, 524 So.2d 1081 (Fla. 1st DCA) (on motion for clarification), review denied, 531 So.2d 167 (Fla.1988).
In this regard, we observe that the JCC apparently overlooked Dr. McCormick’s office notes of April 30,1992, which reflect that Gaddis had complained of back pain on that date, which preceded the non-industrial lifting incident that the employer/carrier contends could have triggered claimant’s back injury. Additionally, we note that the JCC made no express finding regarding Gaddis’s credibility or lack thereof. Finally, we question why the JCC accepted the leg injury which occurred during the industrial accident as compensable, yet rejected the back injury when the two injuries allegedly occurred during the same incident, and Gaddis’s co-worker testified that neither the pallet, which struck Gaddis’s leg, nor the rolls of molding, one of which allegedly came into contact with Gaddis’s back, were inside the steam room where Gaddis was working.
REVERSED and REMANDED.
JOANOS and MINER, JJ., concur.