BROWNING, J.
Employer/Servicing Agent (E/SA) appeal the final order of the Judge of Compensation Claims (JCC) awarding Appel-lee, Valerie Zabik, two hours of attendant-care services a week. Specifically, the award involves assistance in “carrying groceries and laundry up the three flights of stairs to her apartment.” Given the facts stated in the JCC’s order, we conclude that the definition of “attendant care” in section 440.13(l)(b), Florida Statutes (2000), construed with section 440.13(2)(a)-(b), Florida Statutes (2000), does not encompass the types of services for which attendant care.was awarded to Appellee. See Montgomery Ward v. Lovell, 652 So.2d 509, 511-12 (Fla. 1st DCA 1995) (reversing award of attendant care for household services, but noting that statute facially “does not prohibit the performance of household duties by an attendant who is otherwise medically necessary”). Contrary to Appel-lee’s contention at trial and on appeal, we do not construe this statute or the applicable case law as designating a special blanket exception (to the ordinary “household duties” rule) for claimants who live alone and do not have family members or friends available to provide dependable, convenient assistance with domestic chores when needed. Such “quality of life activities” and “supportive services” might well be “indemnified under disability compensation benefits rather than attendant care service that is medically necessary,” but they are not covered under the attendant-care provision at issue here. See Marlowe v. Dogs Only Grooming, 589 So.2d 990, *363 994 (Fla. 1st DCA 1991). Appellee misplaces her reliance on certain language in Allied Discount Tires v. Cook, 587 So.2d 626 (Fla. 1st DCA 1991), which might support affirmance here if Cook had not been decided pursuant to an earlier, different version of section 440.13.
REVERSED.
KAHN, C.J.; and LEWIS, J., concur.