*1084
 
 KHOUZAM, Judge.
 

 Raul R. Monroe appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised eight grounds for relief. We affirm the denial of grounds one, two, six, seven, and eight without comment. As to grounds three, four, and five, we reverse and remand for further proceedings.
 

 Monroe was convicted of trafficking in heroin over twenty-eight grams. On direct appeal, this court affirmed his judgment and sentence.
 
 See Monroe v. State,
 
 5 So.3d 678 (Fla. 2d DCA 2005).
 

 In April 2007, Monroe filed a motion for postconviction relief. In ground three of his motion, Monroe alleged that his counsel was ineffective for failing to depose the State’s chemist to “discover the material facts of the scientific procedures used.” The State responded that Monroe’s claim was conclusory and facially insufficient. The postconviction court adopted the State’s response and summarily denied the claim. However, under
 
 Spera v. State,
 
 971 So.2d 754, 761 (Fla. 2007), the court should have given Monroe an opportunity to amend his motion to state a facially sufficient claim. Accordingly, we reverse the denial of ground three and remand for the court to strike the claim with leave to amend within a reasonable period of time.
 

 In ground four, Monroe alleged that his counsel was ineffective for failing to move for a judgment of acquittal based on the State’s failure to establish a proper chain of custody for the heroin purportedly trafficked by Monroe. Monroe also claimed that his counsel failed to investigate discrepancies in the recorded weights of the heroin. The postconviction court denied the claim on the theory that the trial court would have denied the motion for judgment of acquittal because it had overruled counsel’s objection based on a lack of chain of custody. However, the court did not consider Monroe’s claim that his counsel failed to investigate evidence of probable tampering with the heroin.
 

 The Drug Enforcement Administration investigation report indicated that approximately 264 grams of suspected heroin was seized during the drug transaction. The State’s chemist testified that the contraband registered a net weight of 236.7
 
 *1085
 
 grams. Monroe alleged that when the prosecutor received the contraband, it registered a weight of 317.1 grams. The record before us does not refute Monroe’s claim that the heroin seized was not the same heroin introduced at trial.
 
 See Dodd v. State,
 
 587 So.2d 626, 628 (Fla. 3d DCA 1988) (“[T]he conflicting descriptions of the bag and the gross discrepancies in the recorded weights and packaging details indicate probable tampering.”). Accordingly, we reverse the denial of ground four and remand for the postconviction court to provide record attachments that conclusively refute this claim or to conduct an evidentiary hearing.
 

 In ground five, Monroe alleged that his counsel was ineffective for advising him that his prior conviction for possession of cocaine would “nullify” a legal defense of entrapment. The State responded that Monroe failed to show that he could have raised an entrapment defense at trial. The postconviction court adopted the State’s response and denied the claim. However, the court did not consider whether Monroe’s counsel incorrectly advised him that his prior conviction precluded him from presenting an entrapment defense. “An entrapment defense is available even though [a] defendant has previously been arrested for a similar crime.”
 
 Cabrera v. State,
 
 766 So.2d 1131, 1133 (Fla. 2d DCA 2000). Accordingly, we reverse the denial of ground five and remand for the court to attach record excerpts that conclusively refute this claim or to conduct an evidentiary hearing.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT, C.J., and FULMER, J., Concur.