VILLANTI, Judge.
Tony Rosa appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged ineffective assistance of counsel. We affirm the denial on all grounds except grounds one and six. On those two grounds we reverse and remand for further proceedings.
Rosa was convicted of second-degree murder. This court affirmed his judgment and sentence on direct appeal. See Rosa v. State, 853 So.2d 422 (Fla. 2d DCA 2003) (table decision).
Rosa subsequently filed a motion for postconviction relief. In ground one of his motion, Rosa alleged that his counsel was ineffective by failing to depose several witnesses before they testified at trial. The postconviction court summarily dismissed this claim because Rosa failed to allege with particularity what these witnesses would have said had they been deposed or how their deposition testimony would have been different from their trial *231 testimony. The court also concluded that Rosa had failed to articulate any prejudice resulting from counsel’s failure to depose these witnesses. The postconviction court correctly concluded that Rosa’s allegations were facially insufficient and dismissed this claim. See Jones v. State, 845 So.2d 55, 65 (Fla.2003) (“To be entitled to an evidentiary hearing on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant.”). However, under Spera v. State, 971 So.2d 754, 761 (Fla.2007), the postconviction court should have given Rosa an opportunity to amend his motion to state a facially sufficient claim. See, e.g., Philip v. State, 14 So.3d 1243, 1243-44 (Fla. 2d DCA 2009); Monroe v. State, 13 So.3d 1083, 1084 (Fla. 2d DCA 2009); Griggs v. State, 995 So.2d 994, 995 (Fla. 1st DCA 2008). Accordingly, we reverse the dismissal of ground one and remand for the court to strike the claim with leave for Rosa to amend within a reasonable period of time not to exceed thirty days. See Philip, 14 So.3d at 1244.
In ground six, Rosa alleged that counsel was ineffective for failing to call codefendant William Marr to testify at trial because Marr could have provided exculpatory evidence. The postconviction court summarily dismissed this claim because Rosa failed to allege the substance of any specific testimony that Marr would have offered had he been called to testify at trial and because Rosa failed to allege how he had been prejudiced by counsel’s failure to call Marr at trial. We find no error in the postconviction court’s dismissal. See Mens v. State, 968 So.2d 706, 711 (Fla. 2d DCA 2007) (identifying elements which a defendant must assert to state a facially sufficient claim of ineffective assistance for failure to call a witness at trial). However, under Spera, the postconviction court should have given Rosa an opportunity to amend his motion to state a facially sufficient claim. Accordingly, we reverse the dismissal of ground six and remand for the court to strike this claim with leave for Rosa to amend, if he can do so in good faith, within a reasonable period of time not to exceed thirty days. See Philip, 14 So.3d at 1244.
If Rosa amends these claims, the post-conviction court may again summarily deny them if they are once again facially insufficient or if the court attaches portions of the record conclusively refuting his allegations.
Affirmed in part, reversed in part, and remanded with directions.
WALLACE and CRENSHAW, JJ., Concur.