BLACK, Judge.
Kenneth J. Davis appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, in which he raised six claims for relief. We reverse and remand for further proceedings as to claims one and two but affirm as to the remaining claims without further comment.
Davis was convicted of six charges: felonious possession of firearms, sale of cocaine, sale of marijuana, possession of cocaine (two counts), and possession of marijuana. In his timely motion for post-conviction relief, Davis alleged in claim one that counsel was ineffective for failing to object to the admissibility of the drug evidence. In claim two, he alleged that counsel was ineffective for failing to “aggressively” cross-examine one of the police officers on the drug evidence. Specifically, Davis alleged that the total weight of the suspected marijuana and crack cocaine shown in the police reports was 223.4 grams and 4.8 grams, respectively, whereas the results of the lab analysis showed 101.0 grams and 0.9 grams. Davis’s computations are consistent with the police reports and lab documentation attached to his motion.[1]
The postconviction court summarily denied the claims,, attaching portions of the trial transcripts. The court points out that the lab chemist took samples of each of the substances to test them rather than testing the entire mass of the substances. However, the fact that the chemist analyzed samples does not explain the weight differentials. The chemist’s written report also lists the respective weights of the several drug items. The court also notes that weights testified to by the chemist exclude the weight of the packaging. But nothing in the police documentation implies that the weights shown are inclusive of packaging.[2]
*1126 Finally, as for claim two, the court pointed out that counsel did question the detective on various other apparent inconsistencies in the evidence. However, the fact that counsel pursued other inconsistencies but not the inconsistency in drug weights is irrelevant to that particular issue.
In short, the record before us does not refute Davis’s claim that the suspected drugs were tampered with and that trial counsel failed to address the apparent tampering. See Dodd v. State, 587 So.2d 626, 628 (Fla. 3d DCA 1988) (“On this record we cannot tell whether the cocaine [the appellant] sold and the cocaine introduced at trial are one and the same. Thus, it was error for the trial court to admit the cocaine into evidence without [additional] testimony....”); Monroe v. State, 13 So.3d 1083, 1084-85 (Fla. 2d DCA 2009) (relying on Dodd to reverse and remand on a rule 3.850 claim concerning a discrepancy in drug weights indicative of probable tampering). We therefore reverse the denial of claims one and two and remand for the postconviction court to provide record attachments that conclusively refute these claims or to conduct an evi-dentiary hearing.
Affirmed in part, reversed in part, and remanded.
WHATLEY and WALLACE, JJ., Concur.

. The police documentation lists five separate items of suspected marijuana with "Qty" designations indicating 6.2, 88.5, 115.3, 3.6, and 9.8 grams for a total of 223.4 grams. The lab summary shows three items of marijuana weighing 23.5, 47.6, and 30.2 grams for a total of 101.3 grams. The police documentation lists three separate items of suspected crack cocaine weighing 0.2, 3.5, and 1.1 grams for a total of 4.8 grams. The lab summary shows two items, one weighing 0.9 gram and the other unweighed.

. The detailed entries in the police documentation for each item of the suspected drugs show a "Qty" in grams, and most entries list *1126 a larger weight in grams with the label “TBW.” The ‘‘Qty” entries thus appear to be net weights.